BOZEMAN DEACONESS FOUNDATION, Plaintiff and Appellant, *v.* WARREN T. COWGILL, FRANK P. MESSMER, ROBERT T. SMITH, S. J. KAISER, JR., EDWARD M. CHAUNER, AUDREY M. LOVELACE as executrix of the Estate of Dan R. Lovelace, Deceased; T. G. HAGGERTY, B. & E. CO., INC., a Corporation, and LOVELACE MOTOR SUPPLY, a Corporation, Defendants and Respondents.

No. 10591
Submitted November 5, 1963. Decided December 17, 1963.
387 P.2d 435.

G. Page Wellcome, County Atty. (argued), James H. Morrow, Jr., Bozeman, for appellant.

Corette, Smith & Dean, Butte, Berg, O'Connell & Angel, Bozeman, Steadman and Steadman, Cody, Wyo., Michael J. O'Connell (argued), Bozeman, Harold Dean (appeared), Butte, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from an order of the district court granting a motion to dismiss one claim in a complaint containing three separate claims for relief. The appellant, the Bozeman Deaconess Foundation, is the plaintiff and will be referred to as such in this opinion.

The complaint (as amended) alleges three separate claims for relief which, in essence, are as follows:

(1) Five of the individual defendants and the deceased Dan R. Lovelace, of whose estate the sixth individual defendant is executrix, are unconditional guarantors, in their respective individual capacities for amounts varying between $50,000 and $5,000, of a note for $100,000 given by the defendant B & E Co., Inc., to the plaintiff, which note is now in default;

(2) The above-described note was given by the B & E Co., Inc., to the plaintiff and was secured by a real estate mortgage; and

(3) The defendant B & E Co., Inc., subsequently borrowed $40,000 from the plaintiff and gave the plaintiff a note for that amount, which likewise is now in default, with the agreement that the previously-mentioned mortgage would also secure the second note. The prayer demanded, among other things, judgment against the individual defendants on their respective guaranties, judgment against the B & E Co., Inc., to the extent that the judgment against the individual guarantors was not satisfied, judgment against the B & E Co., Inc., for $40,000 (represented by the second note), and a decree of foreclosure of the mortgage.

The defendants filed motions to dismiss on the ground that each of the above claims for relief, and the complaint as a whole, failed to "state a claim upon which relief can be granted." The motion to dismiss was granted, without leave to amend, as to the claim against the guarantors and denied as to the two claims against the B & E Co., Inc. From the order granting the motion to dismiss the claim against the guarantors the instant appeal was taken.

On this appeal the plaintiff argues that the claim against the individual guarantors constitutes a claim upon which relief can be granted because the guaranties are unconditional and the holder of a note secured by contracts of unconditional guaranty and a real estate mortgage may, upon default proceed at its option against either form of security. The defendants concede the correctness of both propositions, but contend that the holder of the note may not proceed against both forms of security in a single action. In other words, the defendant admits that the plaintiff's claim against the guarantors is one upon which relief can be granted, but contends that it may not be joined with an action seeking judgment against the obligor on the note and foreclosure of the mortgage. Because the order of the lower court, from which this appeal was taken, was made on the ground that the claim against the guarantors was not one upon which relief could be granted, the defendants have, in effect, conceded that the lower court erred.

In our opinion, plaintiff's allegations state a claim against the guarantors upon which relief can be granted. General Finance Co. v. Powell, 114 Mont. 473, 138 P.2d 255 (1943); Kelley v. Goldschmidt, 47 Cal.App. 38, 190 P. 55 (1920).

Rule 8(a), M.R.Civ.P., provides:

"(a) *Claims for Relief.* A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he

deems himself entitled. *Relief in the alternative or of several different types may be demanded."* (Emphasis ours.)

Sub-division (e) of the same rule further provides:

"(e) *Pleading To Be Concise and Direct; Consistency.*

·"(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

"(2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. *A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both.* All statements shall be made subject to the obligations set forth in Rule 11." (Emphasis ours.)

The judgment of the district court dismissing the claim against the guarantors is in error and must be set aside.

As to the question raised by defendants on joinder of claims for relief, Rule 42(b), M.R.Civ.P., provides:

"(b) *Separate Trials.* The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

Rule 54(b), M.R.Civ.P., provides:

"(b) *Judgment Upon Multiple Claims or Involving Multiple Parties.* When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination

and direction, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

In view of these provisions the district court has ample discretion to handle this question when it arises.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.

MR. JUSTICES CASTLES, JOHN C. HARRISON, ADAIR and DOYLE concur.