No. 91-462

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

CITY OF BOZEMAN, a municipal
corporation and a political
subdivision of the State of Montana,

Plaintiff and Appellant,

-vs-

MARC RACICOT, Attorney General for
the State of Montana, and GALLATIN
COUNTY, a political subdivision of
the State of Montana,

Defendants and Respondents.

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis and Clark,
                The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Bruce E. Becker, Bozeman City Attorney, Bozeman,
        Montana

        For Respondents:

        Hon. Marc Racicot, Attorney General, Helena,
        Montana; Peter Funk, Assistant Attorney General,
        Helena, Montana
        Michael Salvagni, Gallatin County Attorney,
        Bozeman, Montana

**FILED**

MAY 21 1992

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  December 12, 1991

                Decided:  May 21, 1992

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

The City of Bozeman appeals from a decision and order of the District Court of the First Judicial District, Lewis and Clark County. The District Court's ruling upheld an opinion by the Attorney General that the board of county commissioners of Gallatin County, and not the city commission of Bozeman, has final authority to approve subdivisions that are within the three-mile area immediately outside Bozeman's corporate limits. We affirm.

The issue on appeal is whether the District Court erred in concluding that Bozeman's city commission does not have final authority to approve subdivisions that are within the three-mile area immediately outside Bozeman's corporate limits.

Bozeman has a commission-manager form of government. It also is a first-class city, as defined in § 7-1-4111, MCA. Bozeman and Gallatin County created the joint Bozeman City-County Planning Board in 1957. The Planning Board's jurisdictional area includes the area within Bozeman's corporate limits and the area up to four and one-half miles outside its corporate limits. Bozeman and Gallatin County have adopted the same master or comprehensive development plan and city/county subdivision regulations for the Planning Board's jurisdictional area. Both claim final authority to approve subdivisions within the three-mile area immediately outside Bozeman's corporate limits ("three-mile area").

Bozeman and Gallatin County jointly requested an opinion of the Attorney General on the following question:

2

> Does the board of county commissioners or the city commission, pursuant to section 7-3-4444, MCA, have final authority to approve subdivisions that are within the three-mile area immediately outside the corporate limits of the city when it has a commission-manager form of government?

The Attorney General answered the question as follows:

> The board of county commissioners has final authority to approve subdivisions that are within the three-mile area immediately outside the corporate limits of the city when the city has a commission-manager form of government.

43 Op. Att'y Gen. No. 26 (July 20, 1989).

Bozeman filed a complaint for declaratory judgment seeking to have the Attorney General's opinion overruled. It requested the District Court to order that it has final authority to regulate subdivisions in the three-mile area under § 7-3-4444, MCA. The court determined that the Attorney General correctly interpreted § 7-3-4444, MCA, concluding that the statute does not give Bozeman the claimed extraterritorial authority. This appeal followed.

The parties agree that the resolution of this case is strictly a matter of statutory interpretation. The District Court's decision and order will be upheld if the court's interpretation of the law is correct. Steer, Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 803 P.2d 601.

The District Court began its analysis by examining the Montana statutes which generally define a municipality's authority to regulate subdivisions beyond its corporate limits. Section 76-2-310, MCA, provides in pertinent part:

> (1) The local city or town council or other legislative body which has adopted a master plan pursuant

3

to chapter 1 may extend the application of its zoning or subdivision regulations, or both, beyond its limits in any direction but not in a county which has adopted such regulations within the contemplated area.

(2) (a) A city of the first class as defined in 7-1-4111 may not extend the application of its zoning or subdivision regulations, or both, more than 3 miles beyond its limits. . . .

. . .

In addition, § 76-2-311, MCA, provides:

(1) Any city or town council or other legislative body may thereafter enforce such regulations in the area to the same extent, as if such property were situated within its corporate limits, until the county board adopts a master plan pursuant to chapter 1 and accompanying zoning or subdivision resolutions, or both, which include the area.

(2) As a prerequisite to the exercise of this power, a city-county planning board whose jurisdictional area includes the area to be regulated must be formed. . . .

Standing alone, §§ 76-2-310 and 76-2-311, MCA, may appear to give Bozeman final authority to approve subdivisions within the three-mile area. Section 76-2-312, MCA, however, states that "[a] city or town which has as its plan of government the commission-manager plan shall be excluded from the provisions of 76-2-310 and 76-2-311 which define extraterritorial authority to review proposed subdivisions." The District Court concluded that § 76-2-312, MCA, takes away the extraterritorial authority over subdivisions that Bozeman, with a commission-manager form of government, otherwise would have pursuant to §§ 76-2-310 and 76-2-311, MCA. It further determined that because Bozeman was excluded from the provisions of §§ 76-2-310 and 76-2-311, MCA, the question of which governmental

4

body has final authority to approve subdivisions in the three-mile area must be answered by reference to the Montana Subdivision and Platting Act, §§ 76-3-101 through 76-3-614, MCA.

The District Court then reviewed § 76-3-601, MCA, which provides in part:

. . .

(2) . . . .

(b) When the proposed subdivision is situated entirely in an unincorporated area, the preliminary plat shall be submitted to and approved by the governing body of the county. However, if the proposed subdivision lies within 1 mile of a third-class city or town or within 2 miles of a second-class city or within 3 miles of a first-class city, the county governing body shall submit the preliminary plat to the city or town governing body or its designated agent for review and comment.

. . .

(3) This section and 76-3-604, 76-3-605, and 76-3-608 through 76-3-610 do not limit the authority of certain municipalities to regulate subdivisions beyond their corporate limits pursuant to 7-3-4444.

It next reviewed § 7-3-4444, MCA, referenced in § 76-3-601(3), MCA. Section 7-3-4444, MCA, applies only to commission-manager municipalities and states:

(1) The director of public service shall be the supervisor of plats of the municipality. He shall see that the regulations governing the platting of all lands require all streets and alleys to be of proper width and to be coterminous with the adjoining streets and alleys and that all other regulations are conformed with. Whenever he shall deem it expedient to plat any portion of the territory within the corporate limits in which the necessary or convenient streets and alleys have not already been accepted by the municipality so as to become public streets or alleys or when any person plats any land within the corporate limits or within 3 miles thereof, the supervisor of the plats shall, if such plats

5

are in accordance with the regulations prescribed therefor, endorse his written approval thereon.

(2) No plat subdividing lands within the corporate limits or within 3 miles thereof shall be entitled to record in the recorder's office of the county without such written approval so endorsed thereon.

The District Court concluded that § 76-3-601(2)(b), MCA, limits the extraterritorial authority of municipalities over subdivisions to "review and comment" concerning the preliminary plat except as permitted by § 7-3-4444, MCA. It further concluded that the plain language of § 7-3-4444, MCA, grants the city's director of public service only the limited ministerial power to review plats for subdivisions in the three-mile area with respect to their technical adequacy.

Bozeman challenges the District Court's ruling, asserting that § 76-2-312, MCA, is not a limitation on the authority of commission-manager governments; rather, it is an acknowledgment by the legislature that such municipal governments already had the extraterritorial subdivision authority under Section 91 of Chapter 152 of the Laws of 1917, now § 7-3-4444, MCA. It argues that § 76-2-312, MCA, exempts commission-manager cities from procedural requirements that other forms of municipal government have to follow in order to exercise their extraterritorial subdivision authority.

Bozeman relies on a 1970 report to the legislature that was prepared by the Montana Legislative Council. In that report, the Legislative Council referred to what is now § 7-3-4444, MCA, and

6

stated that the statute gives commission-manager cities "authority to approve or disapprove proposed subdivisions within three miles of the city." Montana Legislative Council, A Report to the Forty-Second Legislative Assembly, December 1970, Report No. 34, at page 10. Bozeman further argues that § 76-3-601(3), MCA, with its reference to § 7-3-4444, MCA, also supports its position that it has final authority to approve subdivisions in the three-mile area. Therefore, the success of Bozeman's argument is conditioned upon a determination that § 7-3-4444, MCA, grants Bozeman the claimed extraterritorial subdivision authority.

Our function in construing and applying statutes is to effectuate the intention of the legislature. State ex rel. Roberts v. Public Service Comm'n (1990), 242 Mont. 242, 246, 790 P.2d 489, 492. If the legislature's intent can be determined from the plain meaning of the words used in a statute, we will go no further. Phelps v. Hillhaven Corp. (1988), 231 Mont. 245, 251, 752 P.2d 737, 741. In addition, it is the function of the courts to ascertain and declare what in terms or substance is contained in a statute; it is not our function to insert what has been omitted or to omit what has been inserted. Gaub v. Milbank Ins. Co. (1986), 220 Mont. 424, 427, 715 P.2d 443, 445. When more than one statute applies to a given situation, such construction, if possible, is to be adopted as will give effect to all. Schuman v. Bestrom (1985), 214 Mont. 410, 415, 693 P.2d 536, 538.

Upon examining § 7-3-4444, MCA, the District Court concluded:

With these rules of statutory construction in mind, this Court finds no reference in Section 7-3-4444, MCA, granting the Bozeman City Commission final subdivision authority over lands within three miles of its corporate limits. This Court certainly recognizes that there was such a reference to that statute by the Montana Legislative Council and there is a similar reference in Section 76-3-601(3), MCA. However, references such as those made by the aforementioned statute and by the Legislative Council cannot put words into Section 7-3-4444, MCA, that are not there. If the legislature wanted Section 7-3-4444, MCA, to say that a city commission has power to approve subdivisions within three miles of its border, it should say so. That is not, however, what the statute says.

The District Court's interpretation of § 7-3-4444, MCA, is correct. The language of the statute is clear. The statute does not refer to the city commission. Nor does it grant the city commission final authority to approve subdivisions that are within the three-mile area. The authority that is provided by the statute is granted to the city director of public service. It is limited to ensuring that the involved plat complies with all of the regulations governing platting; if the plat does comply, the director of public service must approve it.

A city with a commission-manager form of government has two statutorily authorized functions with respect to subdivisions located within the three-mile area, in addition to participating in the master plan process. First, the city's governing body or its designated agent reviews and comments on a preliminary plat submitted to it by the county governing body under § 76-3-601(2)(b), MCA. Second, in accordance with § 7-3-4444, MCA, the city's director of public service reviews the preliminary plat to

8

ensure its technical adequacy.  We hold that the District Court did not err in concluding that Bozeman, through its city commission, does not have final authority to approve subdivisions that are within the three-mile area immediately outside its corporate limits.

Affirmed.

_____
                              Justice

We concur:

_____
          Chief Justice

_____

_____

_____
          Justices

9

May 21, 1992

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Bruce E. Becker
City Attorney
P.O. Box 640
Bozeman, MT  59771-0640

Hon. Marc Racicot, Attorney General
Peter Funk, Asst. Atty. General
Justice Bldg.
Helena, MT  59620

A. Michael Salvagni
County Attorney
615 S. 16th Ave., Rm. 100
Bozeman, MT  59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy