No. 92-355

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

L. MICHAEL BEASLEY,

      Plaintiff and Appellant,

v.

SEMITOOL, INC., SEMITHERM, INC.,
and RAYMON F. THOMPSON,

      Defendants and Respondents.

FILED

MAY 1 3 1993

*Cd Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Jeffrey D. Ellingson; Ellingson Law Offices,
Kalispell, Montana

      For Respondents:

          Debra D. Parker; Murphy, Robinson, Heckathorn &
Phillips, Kalispell, Montana

Submitted on Briefs:   January 14, 1993

Decided:   May 13, 1993

Filed:

_____
              Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

L. Michael Beasley appeals an order of the Eleventh Judicial District Court, Flathead County, granting summary judgment in favor of Semitool, Inc., Semitherm, Inc. and Raymon Thompson on his claim for wrongful discharge, breach of express and implied contract, and breach of the covenant of good faith and fair dealing. We reverse.

The sole issue on appeal is whether the District Court erred in concluding that the Wrongful Discharge Act barred Beasley's contract claims for breach of express and implied contract and breach of the covenant of good faith and fair dealing.

While L. Michael Beasley (Beasley) was working as an electronics project engineer in Kentucky, an agent of Semitool, Inc. (Semitool) began employment negotiations with Beasley. Semitool, located in Kalispell, manufactures products in the electronics, memory disk and semiconductor industry. On June 3, 1986, Semitool offered Beasley the position of "Product Marketing Manager for Spray Acid Tool," which Beasley accepted eight days later. Beasley contends that Semitool's offer included oral promises of stock options, bonuses tied to sales increases and opportunities for advancement not specifically set forth in the letter offering him the position.

Beasley moved to Kalispell, began working for Semitool and received excellent job evaluations. In November of 1987, he was transferred to Semitherm, Inc. (Semitherm), a sister company of Semitool, to lead the development, marketing and production of a

2

vertical diffusion furnace. He alleges that this transfer was accompanied by oral promises of raises, higher bonuses, and stock options. On January 28, 1989, Beasley resigned from Semitherm, citing the company's failure to keep its compensation-related promises.

On February 13, 1990, Beasley filed a complaint against Semitool, Semitherm and Raymon Thompson (collectively hereafter Semitool) for breach of express and implied contract, breach of the covenant of good faith and fair dealing, and wrongful discharge. Semitool moved for summary judgment, arguing that the Montana Wrongful Discharge From Employment Act (Wrongful Discharge Act) provided Beasley's exclusive remedy and that he could prove no damages under the Wrongful Discharge Act. The District Court granted Semitool's motion, and entered judgment against Beasley. This appeal follows.

Initially, we note that Beasley was hired by a Texas firm at a significantly higher salary soon after his resignation from Semitherm. As a result, Beasley has abandoned his claim for wrongful discharge on appeal.

Did the District Court err in concluding that the Wrongful Discharge Act barred Beasley's contract claims for breach of contract and breach of the covenant of good faith and fair dealing?

In its order, the District Court first stated that Beasley's three claims for damages were based on the same facts and that the acts complained of occurred during the employment relationship. The court focused on § 39-2-913, MCA, of the Wrongful Discharge

3

Act, which reads:

**Preemption of common-law remedies.** Except as provided in this part, no claim for discharge may arise from tort or express or implied contract.

The District Court then determined that this provision of the Wrongful Discharge Act barred Beasley's contract claims. It concluded that Beasley would be unable to prevail on his complaint under any set of facts because his contract claims were barred as a matter of law and he could prove no damages under the Wrongful Discharge Act. Therefore, the District Court granted summary judgment for Semitool.

Our standard in reviewing a grant of summary judgment is the same as that initially utilized by the trial court. McCracken v. City of Chinook (1990), 242 Mont. 21, 24, 788 P.2d 892, 894. Summary judgment is appropriate when the pleadings, depositions, and other documents on file demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. In its order, the District Court assumed the facts alleged by Beasley to be true and concluded, as a matter of law, that the Wrongful Discharge Act barred Beasley's contract claims. Therefore, we focus our initial inquiry on this legal conclusion. Our review of legal questions is plenary. See Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 475, 803 P.2d 601, 603.

Beasley agrees that the Wrongful Discharge Act is the exclusive remedy for claims arising from an employee's discharge and that no discharge claim thereunder can arise from tort or

4

express or implied contract. He argues, however, that his contract claims arise from Semitool's failure to abide by its representations during his employment and, therefore, that his breach of contract and covenant claims occurred both prior to, and independent of, his resignation. On that basis, Beasley argues that his independent contract-based claims for damages are not affected or barred by the Wrongful Discharge Act.

In interpreting statutes, including the Wrongful Discharge Act, we first look to the plain meaning of the words used. Allison v. Jumping Horse Ranch, Inc. (Mont. 1992), 843 P.2d 753, 755, 49 St.Rep. 1039, 1040. To interpret a phrase within the plain meaning rule, the language used must be reasonably and logically interpreted, giving words their usual and ordinary meaning. Allison, 843 P.2d at 755. Furthermore, it is the function of the courts to ascertain and declare what in terms or substance is contained in a statute; it is not our function to insert what has been omitted or omit what has been inserted. Section 1-2-101, MCA; City of Bozeman v. Racicot (1992), 253 Mont. 204, 208, 832 P.2d 767, 769.

Turning to § 39-2-913, MCA, we must give effect to the entirety of the statute, which reads: "[e]xcept as provided in this part, no claim for discharge may arise from tort or express or implied contract." The usual and ordinary meaning of "claim for discharge" does not encompass any and all claims an employee may have against the employer, but only those claims for damages caused by an asserted wrongful discharge. The District Court's

5

interpretation of § 39-2-913, MCA, effectively omits the words "for discharge" from that statute and results in a sweeping preemption of all other claims arising out of the employment relationship. This result disregards the stated purpose of the Wrongful Discharge Act, which is to set forth "certain rights and remedies with respect to wrongful discharge." Section 39-2-902, MCA (emphasis added). We conclude that § 39-2-913, MCA, bars claims for discharge arising from tort or implied or express contract, but does not bar all tort or contract claims merely because they arise in the employment context.

Semitool contends that because Beasley relied on the same set of facts for each cause of action in his complaint, he presented one claim and three alternative theories of recovery, two of which are barred by the Wrongful Discharge Act. It may be true that Beasley's complaint is not a model of artful pleading and that the manner in which it is structured creates confusion. Rather than specifying which factual allegations support each cause of action individually, Beasley sets forth all of his factual allegations at the beginning of the complaint; he then separately sets out his causes of action, essentially incorporating all of the factual allegations into each count. However, Beasley does aver his contract damages separately from the damages claimed for wrongful discharge. The complaint is sufficient to indicate Beasley's intent to plead the causes of action as separate and independent claims.

Further, Rules 8(a) and 18(a), M.R.Civ.P., specifically allow

6

the joinder of alternative claims in a complaint. Mere joinder of alternative or inconsistent claims in a complaint does not require dismissal of an otherwise legitimate claim. See Bozeman Deaconess Foundation v. Cowgill (1963), 143 Mont. 98, 100, 387 P.2d 435, 436. Nor does the Wrongful Discharge Act limit a claimant's right to plead independent causes of action in conjunction with a claim under the Wrongful Discharge Act. We conclude that Beasley's reliance in his complaint on the same set of facts for his three causes of action does not require dismissal of the alleged independent contract-based claims.

Semitool further argues that Dagel v. City of Great Falls (1991), 250 Mont. 224, 819 P.2d 186, relied on by the District Court, requires the dismissal of Beasley's contract claims. It does not. Dagel did not concern, as does the case before us, the effect of the Wrongful Discharge Act on claims which are separate and independent from the claim of wrongful discharge. A close examination of the allegation in plaintiff's complaint on which we focused in Dagel illustrates the distinguishing characteristics between Dagel and the present case:

> 8. By reason of Plaintiff's satisfactory service and the performance of her duties, her employer's assurances, policies, and procedures, salary increases, and the absence of criticism of her performance, there was an implied promise by the City that Plaintiff's employment would not be terminated and she would not be discharged except for just cause. In terminating Plaintiff's employment as alleged, the City wrongfully, unreasonably and tortiously violated its implied promise and its duty implied in the employment relationship to deal fairly and in good faith with Plaintiff.

Dagel, 819 P.2d at 194. Clearly, Dagel sets forth a tort claim for

7

breach of the implied covenant of good faith and fair dealing relating to the plaintiff's discharge. The only conceivable contract-based claim found in the complaint in _Dagel_ is the allegation regarding an "implied promise by the City that Plaintiff's employment would not be terminated. . . ." Most importantly, however, it is clear both the tort and implied contract claim in _Dagel_ are completely and inextricably intertwined with and based on Dagel's termination and discharge. _Dagel_ is simply inapplicable here.

In sum, the Wrongful Discharge Act is the exclusive remedy for claims arising from an employee's wrongful discharge. Beasley's contract-based claims, taken as true solely for purposes of the issue before us, arise from Semitool's breach of his employment contract rather than from an alleged wrongful discharge. We hold that the District Court erred in granting summary judgment for Semitool on Beasley's contract-based claims.

Finally, Semitool argues that even if Beasley's remaining contract-based claims are not barred by the Wrongful Discharge Act, he did not present a prima facie case on those claims and, therefore, summary judgment is appropriate. Furthermore, Semitool argues that Beasley's allegations of oral representations concerning the employment contract are barred by the statute of frauds.

It is well settled that this Court will not address on appeal an issue not presented to the district court. Wyman v. DuBray Land Realty (1988), 231 Mont. 294, 299, 752 P.2d 196, 200. Before the

8

District Court, Semitool argued only that the Wrongful Discharge Act barred Beasley's contract claims and that he had not suffered compensable damages under the Act; it did not present and, accordingly, the District Court did not address the additional issues now presented by Semitool. Having determined that the District Court's legal conclusion that the Wrongful Discharge Act barred Beasley's contract claims was in error, we leave further consideration of the contract-based issues for the District Court on remand.

Reversed and remanded for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

9

May 13, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Jeffrey D. Ellingson
Ellingson Law Offices
33 Second St. E.
Kalispell, MT  59901

Dana L. Christensen and Debra D. Parker
Murphy, Robinson, Heckathorn & Phillips
P.O. Box 759
Kalispell, MT  59903-0759

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy