**Vicki RUZICKA, Plaintiff,**

**v.**

**FIRST HEALTHCARE CORPORATION, d/b/a Hillhaven, Inc., Defendant.**

**No. CV–95–79–BU.**

United States District Court, D. Montana, Great Falls Division.

Nov. 24, 1997.

Thomas J. Joyce, Hennessey, Joyce & Wing, Butte, MT, for Vicki Ruzicka, plaintiff.

Robert F. James, James, Gray, Bronson, & Swanberg, PC, Great Falls, MT, for First Healthcare Corp. and Vencor, Inc., defendants.

## MEMORANDUM AND ORDER

HATFIELD, Senior District Judge.

Plaintiff, Vicki Ruzicka, instituted the above-entitled action seeking monetary damages from the defendant, First Healthcare Corporation, d/b/a Hillhaven, Inc. ("First Healthcare"), based upon that entity's allegedly wrongful termination of her employment. Ruzicka's complaint also advances a claim based upon the purported damage to her professional reputation occasioned by a report First Healthcare filed with the Montana Board of Nursing. Presently before the court is First Healthcare's motion for summary judgment, pursuant to Fed.R.Civ.P. 56. Having reviewed the record herein, together with the parties' briefs in support of their respective positions, the court is prepared to rule.

### BACKGROUND

First Healthcare operates a nursing home, *i.e.*, Parkview Acres Care & Rehabilitation Center ("Parkview Acres"), in Dillon, Montana. Ruzicka was employed by First Healthcare as a registered nurse at the Parkview Acres facility.

Ruzicka's employment was terminated on September 29, 1995. First Healthcare maintains Ruzicka's employment was terminated based upon a September 24, 1995, incident wherein Ruzicka instructed the Parkview Acres' staff to withhold food from a nursing. home resident, Treva McKinley. First Healthcare maintains Ruzicka's actions constituted patient abuse and, as a result, good cause existed to terminate her employment.

In response, Ruzicka concedes Parkview Acres had an express policy against patient abuse and, moreover, that patient abuse was grounds for termination. Nevertheless, Ruzicka maintains genuine issues of material fact exist as to whether an incident of patient abuse occurred.

Following the termination of Ruzicka's employment, the Administrator of the Parkview Acres facility, Cari Minnig, filed a report regarding the suspected patient abuse with the Montana Board of Nursing. Ruzicka's complaint advances a cause of action, captioned "Malicious Damage to Professional Reputation," asserting the conduct of First Healthcare, in filing the report with the Montana Board of Nursing, was a malicious attempt to damage Ruzicka's professional reputation.

## DISCUSSION

■ Ruzicka concedes she was an at-will employee and, as a result, her claim for wrongful discharge is governed by Montana's Wrongful Discharge From Employment Act, codified at Mont.Code Ann. §§ 39–2–901, *et seq.* (1995). Section 39–2–904 provides:

A discharge is wrongful only if: ... (2) the discharge was not for good cause and the employee had completed the employer's probationary period of employment....

Mont.Code Ann. § 39–2–904 (1995). "Good cause," as utilized in the Wrongful Discharge From Employment Act, means:

[R]easonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties, disruption of the employer's operation, or other legitimate business reason.

Mont.Code Ann. § 39–2–903(5) (1995).

Having reviewed the record herein, the court is compelled to conclude there exists material factual issues regarding whether "good cause" existed for the termination of Ruzicka's employment at the Parkview Acres facility. Accordingly, the court concludes First Healthcare's motion for summary judgment is appropriately DENIED as it pertains to Ruzicka's wrongful discharge claim.

■ With respect to Ruzicka's claim captioned "Malicious Damage to Professional Reputation," First Healthcare asserts said claim is preempted under Montana law. Specifically, First Healthcare maintains the claim does not stand independent of Ruzicka's claim for wrongful discharge and, as a result, is preempted by Montana's Wrongful Discharge From Employment Act, namely, Mont.Code Ann. §§ 39–2–902.[1]

■ It is beyond dispute that the Wrongful Discharge From Employment Act ("WDFEA") is the exclusive remedy for wrongful discharge in Montana. The Act provides that no claim for discharge may arise from common-law remedies such as tort or express or implied contract. *See,* Mont.Code Ann. § 39–2–913 (1995).[2] However, the Act does not limit a claim-

---

1. Mont.Code Ann. § 39–2–902 provides:

... [E]mployment having no specified term may be terminated at the will of either the employer or the employee on notice to the other for *any reason considered sufficient* by the terminating party. Except as provided in 39–2–912, this part provides the exclusive remedy for a wrongful discharge from employment.

Mont.Code Ann. § 39–2–902 (1995).

2. Mont.Code Ann. § 39–2–913 provides as follows:

Preemption of Common Law Remedies. Except as provided in this part, no claim for discharge may arise from tort or express or implied contract.

Mont.Code Ann. § 39–2–913 (1995).

ant's right to plead an independent cause of action in conjunction with a claim thereunder. *Mysse v. Martens,* 279 Mont. 253, 926 P.2d 765, 774 (Mont.1996), *citing, Beasley v. Semitool, Inc.,* 258 Mont. 258, 853 P.2d 84 (Mont.1993) (holding that an employee's claim for breach of the covenant of good faith and fair dealing arising out of compensation-related agreements was not barred by the WDFEA because the claims were not for damages caused by an asserted wrongful discharge).

In *Beasley,* the Montana Supreme Court recognized the WDFEA cannot be construed as precluding an individual from seeking redress for a tort, separate and independent from a claim for wrongful discharge, simply because the tort occurred in the employment context. *Beasley, supra,* 853 P.2d at 86–87. Consistent with the rationale of *Beasley,* focus in the present case must be brought to bear upon whether or not Ruzicka has stated a claim that is separate and independent from her claim for wrongful discharge.

Review of the complaint herein reveals Ruzicka has plead her claim separately from her claim for wrongful discharge, which reflects her intention to plead a claim separate and independent from her claim for wrongful discharge. *See, Beasley, supra,* 853 P.2d at 86. First Healthcare has failed to present a cogent argument which convinces the court that Ruzicka has failed to adequately plead allegations supporting the elements essential to her claim for relief. Rather, First Healthcare merely states, in conclusory fashion, that the allegations of fact set forth in the complaint relative to the claim are "inextricably intertwined" with the allegations of fact underlying the claim for wrongful discharge. First Healthcare's conclusion, standing alone, is insufficient to sustain its burden under Fed.R.Civ.P. 56.

■ In so holding, the court notes *Beasley* does not stand for the proposition that Mont.Code Ann. § 39–2–913 operates to preclude an employee who is subjected to

tortious conduct on the part of an employer, that is separate and independent from the claim of wrongful discharge, from seeking legal redress upon that separate and independent claim.

## CONCLUSION

Therefore, for the reasons set forth herein, the court concludes the motion for summary judgment filed on behalf of defendant First Healthcare be, and the same hereby is, DENIED.

IT IS SO ORDERED.