No. 98-632

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 285

297 Mont. 28

993 P.2d 6

PHILIP B. DAHL,

Plaintiff and Appellant

v.

FRED MEYER, INC.,

Defendant and Respondent.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James C. Bartlett, Kalispell, Montana

For Respondent:

Donald R. Murray, Crowley Law Firm, Kalispell, Montana; David J. Riewald, Bullard, Korshoj, Smith & Jernstedt, Portland, Oregon

_____

Submitted on Briefs: April 22, 1999

Decided: November 23, 1999

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

1. ¶ Philip B. Dahl, (Appellant) appeals from the Order and Judgment of the District Court of the Eleventh Judicial District of the State of Montana, Flathead County, confirming an arbitration award between Appellant and Fred Meyer, Inc., (Respondent) and dismissing Appellant's claims against Respondent with prejudice. We affirm.

We restate the issues Appellant raises on appeal as follows:

I May a party to arbitration raise the issue of the District Court's subject matter jurisdiction before the arbitrator who is selected to resolve a claim under the Montana Wrongful Discharge Act?

II Did the District Court err by not allowing an amended complaint to be filed which would have deleted any allegation of a motive for the discharge?

2. ¶ Respondent discharged Appellant from his employment in April of 1994. In March, 1995, Appellant filed a complaint against Respondent under the Montana Wrongful Discharge From Employment Act, (MWDEA) §§ 39-2-901-915, MCA, alleging the statutory basis of wrongful discharge. Appellant claimed he was discharged without good cause and in violation of Respondent's written personnel policy. Appellant also alleged that Respondent's motive for the discharge was the fact that the value of his fringe benefits added an additional 52.57 percent to his annual earnings, an amount greater than that of other workers with the same annual earnings. Appellant and Respondent ultimately agreed to arbitration and selected an arbitrator.

3. ¶ Prior to the date set for hearing by the arbitrator, Respondent moved to dismiss the arbitration on the basis that because the complaint alleged a motive for Respondent to discharge Appellant, the complaint was intended to state a cause of action under federal law, the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq. The arbitrator agreed, and dismissed the arbitration on the grounds that ERISA required exclusive federal court jurisdiction. Respondent moved the District Court to confirm the arbitrator's decision. Appellant requested the court allow him to amend his complaint in order to delete the portion which would involve ERISA.

4. ¶ The District Court entered an Order Confirming Arbitration Award, and Judgment, dismissing Appellant's claims against Respondent with prejudice on September 29, 1998. Appellant appeals the District Court's Order and Judgment.

I May a party to arbitration raise the issue of the District Court's subject matter jurisdiction before the arbitrator who is selected to resolve a claim under the Montana Wrongful Discharge Act?

5. ¶ Respondent raised the issue of the District Court's subject matter jurisdiction before the arbitrator, claiming that because Appellant's complaint stated a motive for the wrongful discharge, that it implicated the federal ERISA. As a result, Respondent argued, under the federal preemption doctrine the District Court did not

have jurisdiction, and the arbitrator could no longer proceed.

6. ¶ Appellant contends that a strict reading of §§ 39-2-914, and 27-5-312, MCA, precludes the issue of the district court's subject matter jurisdiction from ever being raised as an issue once an employer and employee elect arbitration. He argues that once the parties agreed upon arbitration, the District Court lost jurisdiction, the complaint no longer had any legal effect, and there was no longer a right to continue a lawsuit. Respondent argues that Appellant waived any objection he may have had to the arbitrator's decision by failing to object below. We agree.

7. ¶ This Court will not consider an issue presented for the first time on appeal. *Bevacqua v. Union Pacific R. Co.*, 1998 MT 120, ¶ 43, 289 Mont. 36, ¶ 43, 960 P.2d 273, ¶ 43 (citing *Rasmussen v. Lee* (1996), 276 Mont. 84, 88, 916 P.2d 98, 100). Appellant failed to object to the arbitrator's decision either before the arbitrator, or before the District Court. Respondent requested the District Court to approve and implement the arbitrator's decision. Appellant did not object, and in fact agreed to the District Court's confirmation of the award, but requested that the court allow him to amend his complaint under Rule 15 M.R.Civ.P., to delete the portion of his complaint alleging Respondent's motive for his discharge.

8. ¶ Other states addressing this type of issue under the Uniform Arbitration Act have held that in states adopting the Uniform Act, where a question of the arbitrability of a particular dispute or issue arises, resolution of that question is, in the first instance, a matter for determination by the arbitrators. *State Farm v. Cabs, Inc.* (Colo. 1988), 751 P.2d 61, 65 . The Supreme Court of Colorado stated;

[o]nce its provisions come into play, the U.A.A. imposes a self-contained procedural apparatus, with provisions for challenging an arbitrator's exercise of power. . . . But by failing to move for an order vacating the award...[the appellant] waived its right to object to confirmation of the arbitration award.

*Cabs*, 751 P.2d at 64.

9. ¶ In *Cabs*, Appellant properly raised the issue of the unconstitutionality of a statute before the arbitration panel, but did not raise his objection before the district court through an application to vacate the arbitrators' award. "[Appellant's] failure to appeal the unfavorable ruling of the arbitrators... [to the district court] denies it the use of a forum to challenge the potentially excessive exercise of the arbitrators' powers." *Cabs*, 751 P.2d at 67.

10. ¶ In the case at bar, Appellant did not raise in District Court the issue of whether the

arbitrator lacked authority to decide the issue, did not contest the basis for the arbitrator's decision, and did not object to Respondent's motion to confirm the arbitrator's award through a motion to vacate.

11. ¶ We conclude that by failing to raise either at arbitration or in District Court the issue of whether the arbitrator exceeded his authority when he ruled that ERISA preempted Appellant's wrongful discharge claim and replaced it with an ERISA claim, Appellant waived his right to object to the arbitrator's ruling on appeal.

II Did the District Court err by not allowing an amended complaint to be filed which would have deleted any allegation of motive for the discharge?

12. ¶ After the arbitrator issued his decision and Respondent moved the District Court to confirm that decision and enter a judgment, Appellant moved the District Court for leave to amend his complaint. Review of the transcript shows that, at the hearing on his motion, counsel for Appellant stated;

[w]hat I would ask the court to do is confirm the award and grant my motion to amend so I delete any reference in my complaint that would implicate any federal law. . . so if we accept [the arbitrator's] conclusion, which I'm doing, then I'm saying that I have a right to start all over, and I can choose, if I want, to have a state claim, or, if I want, to have a federal claim.

Without ruling on the motion for leave to amend, the District Court issued an order confirming the arbitrator's decision and entered judgment for Respondent.

13. ¶ Appellant argues that the District Court should have granted his motion for leave to file an amended complaint, because leave to amend should be freely granted. Rule 15, M.R.Civ.P. Respondent, however, contends that the District Court had no jurisdiction to grant Appellant leave to amend his complaint. We agree.

14. ¶ The District Court lost jurisdiction when the parties agreed to arbitration, and therefore, did not have authority to allow Appellant to amend his complaint. Section 39-2-914, MCA. Once the parties agree to arbitration, the District Court has authority only to confirm, modify and confirm, or vacate and remand for rehearing. Sections 27-5-311-314, MCA. Appellant did not move the District Court to modify or vacate the arbitrator's decision but consented to the confirmation of the decision and moved to file an amended complaint.

15. ¶ We hold that the District Court did not err by not granting Dahl's motion for leave

to amend.

16. ¶ Affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART