DA 12-0339

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 94

EZZIE ENSEY,

        Plaintiff and Appellant,

  v.

MINI MART, INC., and JOHN DOES I-III,

        Defendants and Appellees.


APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and For the County of Cascade, Cause No. CDV 11-446
                    Honorable Kenneth R. Neill, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                Benjamin R. Graybill, Graybill Law Firm, P.C.; Great Falls, Montana

        For Appellee:

                Joshua B. Kirkpatrick, Littler Mendelson, P.C.; Denver, Colorado


                        Submitted on Briefs:  December 12, 2012

                                      Decided:  April 9, 2013


Filed:

                  _____
                                Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Ezzie Ensey (Ezzie) appeals the District Court's order granting defendants Mini Mart, Inc. and John Does I-III's (Mini Mart) motion to dismiss her amended complaint and finding § 39-2-915, MCA, constitutional.  We affirm the court's decision to grant Mini Mart's motion to dismiss, but we set aside the court's determination of the constitutionality of § 39-2-915, MCA.  Because we find that the court lost its authority to consider Ezzie's amended complaint once she agreed to arbitration, the court also lost its authority to consider her constitutional challenge.

## ISSUES

¶2      We restate the issues on appeal as follows:

¶3      *1. Did the District Court err by dismissing Ezzie's amended complaint for lack of jurisdiction?*

¶4      *2. Did the District Court err in finding that § 39-2-915, MCA, does not violate Ezzie's rights to a trial by jury, equal protection of the law, and due process?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶5      Ezzie worked at a Mini Mart store in Great Falls, Montana, for seventeen years.  She eventually rose to the level of assistant manager.  At some point, Mini Mart introduced a policy stating that it would immediately fire an "associate" if they failed to ask for a customer loyalty card on two occasions.  Mini Mart sent secret shoppers to its stores to test this policy and Ezzie failed to ask one of these shoppers for a loyalty card.  Ezzie was consequently fired.

2

¶6    Ezzie brought a wrongful discharge claim against Mini Mart, Inc. and John Does I-III on May 18, 2011 under Montana's Wrongful Discharge From Employment Act, § 39-2-901, *et seq.*, MCA (WDEA). Her complaint demanded a jury trial. Mini Mart offered to arbitrate the dispute pursuant to § 39-2-914, MCA, on August 8, 2011. Ezzie accepted the offer to arbitrate on August 29, 2011. The letter of acceptance claimed that Ezzie felt compelled to accept the arbitration offer because § 39-1-915, MCA, would force her to pay Mini Mart's attorney fees if she declined the offer and later lost at trial.[1] Notwithstanding her acceptance of the offer to arbitrate, Ezzie also moved to amend her complaint to add destruction of evidence and declaratory judgment claims on August 29, 2011. Ezzie's declaratory judgment claim alleged that § 39-2-915, MCA, was unconstitutional because it violated her rights to a jury trial, equal protection, and due process. Ezzie essentially argued that because she did not have the financial wherewithal to pay Mini Mart's attorney fees, she could not risk an adverse judgment at trial and therefore could not exercise her right to a jury trial.

¶7    The District Court granted Ezzie's motion to amend her complaint on August 31, 2011, two days after she accepted Mini Mart's offer to arbitrate the dispute. Ezzie filed her amended complaint on September 2, 2011. Mini Mart moved to dismiss Ezzie's amended complaint for lack of subject matter jurisdiction due to her acceptance of the arbitration offer. Ezzie opposed the motion, filed a motion for partial summary judgment on her declaratory

---

[1] Section 39-2-914, MCA, allows a party to make a written offer to arbitrate a dispute that arises under the WDEA. Section 39-2-915, MCA, states: "A party who makes a valid offer to arbitrate that is not accepted by the other party and who prevails in an action under this part is entitled as an element of costs to reasonable attorney fees

3

judgment claim, and sought a motion to stay the arbitration. The District Court granted the motion to dismiss and vacated its earlier decision allowing amendment of her complaint. The court's order concluded that it had lost jurisdiction over Ezzie's claim once she accepted the offer to arbitrate. Without jurisdiction over the WDEA claim, the court reasoned that it could not grant Ezzie leave to amend her complaint. However, the court's order went on to consider Ezzie's challenge to § 39-2-915, MCA, noting the "dilemma" Ezzie faced regarding the appropriate time to raise her constitutional challenge. The court ruled that the statute was constitutional despite its simultaneous recognition that it did not have jurisdiction to consider the allegations contained in Ezzie's amended complaint. Ezzie appeals both the dismissal of her amended complaint and the determination that § 39-2-915, MCA, is constitutional. We affirm the dismissal of Ezzie's amended complaint and set aside the court's determination of her constitutional claim.

## STANDARD OF REVIEW

¶8 Whether a court has subject matter jurisdiction is a question of law which we review for correctness. *Gazette v. State*, 2008 MT 287, ¶ 6, 345 Mont. 385, 190 P.3d 1126. A district court's interpretation of a statute is reviewed *de novo*. *State v. Hicks*, 2013 MT 50, ¶ 14, 369 Mont. 165 (citing *State v. Cooksey*, 2012 MT 226, ¶ 32, 366 Mont. 346, 286 P.3d 1174; *State v. Daniels*, 2011 MT 278, ¶ 11, 362 Mont. 426, 265 P.3d 623). Our review of constitutional questions is plenary. *Alexander v. Bozeman Motors, Inc.*, 2010 MT 135, ¶ 16, 356 Mont. 439, 234 P.3d 880.

incurred subsequent to the date of the offer."

4

¶9 Mini Mart initially contends that the District Court's order is not appealable under the Montana Rules of Appellate Procedure. Mini Mart claims that M. R. App. P. 6(3)'s "exhaustive" list of appealable orders in civil cases does not allow for an appeal from an order granting a motion to dismiss or denying a motion for partial summary judgment. Ezzie counters that our decision in *Prentice Lumber Company, Inc.v. Hukill*, 161 Mont. 8, 504 P.2d 277 (1972), allows for her appeal of the District Court's order and claims that denying her appeal would foreclose her ability to seek review of the court's order dismissing her claims.

¶10 Ezzie's appeal does not fall within the list of civil appeals allowed under Rule 6(3). However, her appeal does not fall within Rule 6(5)'s list of orders and judgments that are not appealable, either. Rule 6(5)(b) declares that "Orders denying motions for summary judgment or motions to dismiss, or granting partial summary judgment" are not appealable, but Ezzie appeals an order *granting* a motion to dismiss and *denying* partial summary judgment. Moreover, as Ezzie points out, we have previously found that this court "has recently rendered decisions on the merits in appeals from orders dismissing complaints." *Prentice Lumber Company, Inc.*, 161 Mont. at 12. This is because we determined that the effect of a court's order denying leave to amend the complaint and dismissing the cause of action was "substantially the same as a judgment for defendants." *Prentice Lumber Company, Inc.*, 161 Mont. at 12. We therefore held that "an order dismissing a complaint and denying leave to amend is equivalent to a final judgment for purposes of appeal."

5

*Prentice Lumber Company, Inc.*, 161 Mont. at 13. The District Court's order in the present case vacated its prior order granting Ezzie leave to amend her complaint and dismissed her claims for destruction of the evidence and declaratory judgment. Because the court's order denied Ezzie relief on her additional claims just as if judgment had been entered against her, we find that the District Court's order is appealable. *See also Burchett v. MasTec N. Am., Inc.*, 2004 MT 177, 322 Mont. 93, 93 P.3d 1247 (reviewing a district court's grant of a motion to dismiss a claim under the WDEA for lack of subject matter jurisdiction); *Tobacco River Lumber Co. v. Yoppe*, 176 Mont. 267, 269-70, 577 P.2d 855 (1978).

¶11    *1. Did the District Court err by dismissing Ezzie's amended complaint for lack of subject matter jurisdiction?*

¶12    Section 39-2-914(5), MCA, the arbitration provision of the WDEA, declares that:

> [i]f a valid offer to arbitrate is made and accepted, arbitration is the exclusive remedy for the wrongful discharge dispute and there is no right to bring or continue a lawsuit under this part. The arbitrator's award is final and binding, subject to review of the arbitrator's decision under the provisions of the Uniform Arbitration Act.

The District Court determined that, pursuant to § 39-2-914(5), MCA, and our decisions in *Dahl* and *Burkhart*, it did not have subject matter jurisdiction to either amend Ezzie's complaint or hear her additional claims once she accepted Mini Mart's offer to arbitrate.

¶13    On appeal, Ezzie argues that the District Court did not lose jurisdiction over her claims for destruction of evidence or declaratory judgment when she accepted Mini Mart's offer to arbitrate her WDEA claim. Ezzie specifically argues that the language of § 39-2-914(5), MCA, is limited to wrongful discharge disputes, and that her claims for destruction

6

of the evidence and declaratory judgment are not subject to the statute because they are not, and are not based on, wrongful discharge claims. Ezzie relies on our decisions in *Beasley v. Semitool, Inc.*, 258 Mont. 258, 853 P.2d 84 (1993); *Dahl v. Fred Myer Inc.*, 1999 MT 285, 297 Mont. 28, 993 P.2d 6; and *Burkhart v. Semitool, Inc.*, 2000 MT 201, 300 Mont. 480, 5 P.3d 1031, for support.

¶14    Mini Mart counters that the District Court correctly granted its motion to dismiss Ezzie's amended complaint for lack of subject matter jurisdiction because the WDEA removed the court's power to continue to hear the case once Ezzie accepted the offer to arbitrate. In essence, Mini Mart claims that the court couldn't even entertain Ezzie's later, additional claims because her wrongful discharge claim came under the operation of § 39-2-914(5), MCA, when she accepted arbitration. *See Burkhart*, ¶ 21 ("The plain language of § 39-2-914(5), MCA, clearly provides that once an offer to arbitrate has been accepted, neither the district court nor the parties have a right to continue the lawsuit."). Thus, Mini Mart's argument does not hinge on whether Ezzie's claims are so intertwined with her wrongful discharge claim as to fall within the ambit of § 39-2-914(5), MCA. Rather, Mini Mart argues that because Ezzie's agreement to arbitrate preceded the amendment of her complaint, the court lost its authority to hear her claim from that point forward, except pursuant to its authority under the Uniform Arbitration Act, Title 27, chapter 5 of the Montana Code. *See* Section 39-2-914(5), MCA.

¶15    Initially, Ezzie's citation to *Beasley* is misplaced. In *Beasley*, we considered whether a district court erred by concluding that the WDEA barred a plaintiff's claims for breach of

7

contract and breach of the covenant of good faith and fair dealing. The district court concluded that the WDEA barred the additional contract and good faith claims based on its reading of § 39-2-913, MCA, which provides that "[e]xcept as provided in this part, no claim for discharge may arise from tort or express or implied contract." While we reversed the district court's decision, finding that the language of § 39-2-913, MCA, did not "bar all tort or contract claims merely because they arise in the employment context," neither this holding nor the facts of the case are relevant to the current appeal. *Beasley*, 258 Mont. at 261-262. We did not consider the WDEA's arbitration provision, the district court's decision did not turn upon it, and a court's continuing jurisdiction over WDEA claims submitted to arbitration was not at issue.

¶16 However, we did consider the effect of § 39-2-914, MCA, in *Burkhart* and *Dahl*. In *Dahl*, the plaintiff filed a WDEA claim alleging he was discharged without good cause and contrary to the defendant's written personnel policy. *Dahl*, ¶ 3. Prior to the arbitration hearing, the defendant moved to dismiss the arbitration, claiming that the complaint actually stated a claim under federal law. The arbitrator agreed and dismissed the arbitration. *Dahl*, ¶ 4. The plaintiff then asked the district court for leave to amend his complaint to remove the portions raising a federal claim. The court did not rule on the motion to amend and instead issued an order confirming the arbitrator's decision. *Dahl*, ¶ 13. The plaintiff alleged that this was error on appeal, and argued that the court should have granted his motion to amend his complaint and start over with a state law claim. *Dahl*, ¶ 14. We held that "[t]he District Court lost jurisdiction when the parties agreed to arbitration, and

8

therefore, did not have authority to allow Appellant to amend his complaint," citing § 39-2-914, MCA. *Dahl*, ¶ 15.

¶17 In *Burkhart*, the Plaintiff in a wrongful discharge case agreed to submit just the WDEA claims to arbitration pursuant to § 39-2-914, MCA. The defendant then filed a motion to dismiss all of the plaintiff's claims, WDEA and non-WDEA, or compel arbitration on all of the claims. The court dismissed all of the plaintiff's claims. *Burkhart*, ¶ 11. On appeal, the plaintiff argued that the district court erred because it no longer retained jurisdiction over the WDEA claims submitted to arbitration. We found § 39-2-914(5), MCA, to be controlling, and concluded that "the plain language" of the section "clearly provides that once an offer to arbitrate has been accepted, neither the district court nor the parties have a right to continue the lawsuit." *Burkhart*, ¶ 21.

¶18 At the time Ezzie agreed to arbitrate, her complaint consisted only of a WDEA-based claim for wrongful discharge. Arbitration became the exclusive remedy for this WDEA claim once Ezzie agreed to arbitrate. Section 39-2-914(5), MCA. As *Burkhart* instructs, once an offer to arbitrate has been accepted, "neither the district court nor the parties have a right to continue the lawsuit." *Burkhart*, ¶ 21. Thus, regardless of what the proposed amendments to the complaint sought to accomplish, the court was without authority to continue its consideration of the case. The court regains its authority over the case following arbitration, and may review the arbitrator's decision under the Uniform Arbitration Act. Section 39-2-914(5), MCA. We accordingly affirm the District Court's dismissal of Ezzie's

9

additional destruction of evidence and declaratory judgment claims prior to arbitration of the WDEA claim.

¶19 *2. Did the District Court err in finding that § 39-2-915, MCA, does not violate Ezzie's rights to a trial by jury, equal protection of the law, and due process?*

¶20 While we sympathize with the court's effort to address Ezzie's constitutional dilemma, we conclude, as we did above, that once Ezzie agreed to arbitrate, the District Court lost its authority to act further, and, thus, it could not, and should not have, considered Ezzie's constitutional claim. Ezzie's WDEA claim had been submitted to arbitration by operation of § 39-2-914(5), MCA, prior to the amendment of her claim, and the court could neither amend Ezzie's complaint nor consider the claims Ezzie sought to add. *Burkhart*, ¶ 21. We consequently set aside the court's determination of the merits of Ezzie's constitutional claim.

### CONCLUSION

¶21 Because we find that the court lost its ability to consider Ezzie's claim once she agreed to arbitration, we affirm the court's dismissal of her amended complaint without prejudice and set aside its determination of the merits of her constitutional claim.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER

10

/S/ PATRICIA COTTER
/S/ BRIAN MORRIS