Edward NORWOOD, Plaintiff—Appellant,

v.

STANFORD UNIVERSITY; et al., Defendants—Appellees.

No. 05–15863.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Filed March 1, 2006.

Edward Norwood, Newardk, CA, pro se.

Michael A. Laurenson, Esq., Gordon & Rees, LLP, San Francisco, CA, for Defendants–Appellees.

Before: GOODWIN, FERNANDEZ, and BYBEE, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

MEMORANDUM **

Edward Norwood appeals pro se from the district court's summary judgment in favor of his former employer, Stanford University, on his claims of discrimination and harassment on the basis of his race and disability.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Porter v. California Dep't of Corrections*, 419 F.3d 885, 891 (9th Cir.2005), and affirm.

Norwood's only argument on appeal is that his counsel failed to effectively oppose defendants' motion for summary judgment. In a civil action, a plaintiff has no right to counsel and, thus, has no right to effective counsel. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir.1985) (per curiam). In "extraordinary circumstances" counsel's gross negligence may justify relief from judgment pursuant to Fed. R.Civ.P. 60(b)(6), *see Community Dental Serv. v. Tani*, 282 F.3d 1164, 1168 (9th Cir.2002), but Norwood did not make a Rule 60(b)(6) motion before the district court, *see Doi v. Halekulani Corp.*, 276 F.3d 1131, 1140 (9th Cir.2002).

**AFFIRMED.**

---

1. Norwood doesn't challenge the jury verdict in favor of defendants on his retaliation claim and his related claim for intentional infliction of emotional distress.