FILED

10/31/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0100

DA 17-0100

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 260

IN THE MATTER OF THE ESTATE OF
BRUCE A. ERICKSON,

      Deceased.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                     In and For the County of Gallatin, Cause No. DP-15-187B
                     Honorable Rienne H. McElyea, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                W. Bjarne Johnson, Steven M. Johnson, Eric B. Biehl, Church Harris
                Johnson & Williams PC, Great Falls, Montana

        For Appellee, Cross-Appellant and Personal Representative:

                David M. Wagner, Griffin B. Stevens, Crowley Fleck PLLP,
                Bozeman, Montana

        For Appellees:

                John T. Jones, Kathryn J. Maehl, Cole A. Derks, Moulton Bellingham PC,
                Billings, Montana

                                Submitted on Briefs:  August 9, 2017

                                        Decided:  October 31, 2017

Filed:

                                        Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     This appeal comes from the District Court's denial of a motion for relief from a judgment or order under M. R. Civ. P. 60(b).

¶2     We restate the issues on appeal as follows:

*Issue One:  Did the District Court err in determining M. R. Civ. P. 60(b) did not apply?*

*Issue Two:  Did the District Court err in denying Gail's motion to modify a formal testacy order under § 72-3-317(4), MCA?*

*Issue Three:  Did the District Court err in denying Gail's request for imposition of a constructive trust?*

*Issue Four:  Is the Personal Representative entitled to attorney fees and costs pursuant to § 72-12-206, MCA?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     Bruce A. Erickson (Decedent) died on November 18, 2015.  At that time, he was married to Gail Erickson (Gail); he had two grown children, Tyler Erickson (Tyler) and Taylor Wortman.  Gail is not the biological parent of either child.  Decedent executed a Last Will and Testament on May 2, 1995.  After his first wife died, Decedent executed a Codicil to the Last Will and Testament on February 5, 2008.  The Codicil nominated Tyler to act as Personal Representative of the Estate.

¶4     On December 16, 2015, Gail filed an Application for Informal Appointment of Personal Representative in Intestacy.  The District Court Clerk granted Gail's application and appointed her Personal Representative.

2

¶5     On December 18, 2015, Tyler filed a Petition for Formal Probate of Will, Determination of Testacy and Heirs, and Appointment of Personal Representative. At that time, the Last Will and Testament and Codicil were submitted collectively as the Decedent's Will. The District Court issued an order setting a hearing on the Formal Petition for January 26, 2016, and directed anyone who intended to contest the Will and/or object to the appointment of Tyler as the Personal Representative was required to give written notice to the attorneys and the District Court no later than January 5, 2016. A copy of the order was provided to Gail personally, as well as counsel.

¶6     On January 22, 2016, Gail's counsel notified Tyler's counsel that Gail would not object to the probate of the Will and Codicil, the appointment of Tyler as Personal Representative, or the determination that Montana is the situs for the probate. On January 25, 2016, the day before the hearing, Tyler's counsel provided Gail's counsel with drafts of a Proposed Order and Letters of Appointment that would be presented to the Court for issuance. That same day Gail's counsel sent an email to Tyler's counsel providing him with a draft of "the Idaho document I mentioned," told him that § 72-3-314, MCA, addresses the probate of more than one document, and that the parties could discuss it at the hearing.

¶7     At the January 26, 2016 hearing, Gail's counsel advised the court that he had reviewed the Proposed Order and Letters of Appointment from Tyler's counsel, and had no objection. No party raised any issues related to the "the Idaho document" (hereinafter referred to as the 6 Point Document). Thus, without objection, the District Court issued

3

an Order of Formal Probate and appointed Tyler as Personal Representative. Gail did not appeal the order.

¶8 Almost five months later, on June 3, 2016, Gail's counsel filed a Verified Creditor's Claim asserting the 6 Point Document is a written contract by the Decedent to make payments of money and provide benefits to or on behalf of Gail, and that it is a contract to make a will or devise that provides for said payment of money and provision of benefits. On August 16, 2016, Gail's counsel filed a Petition for Elective Share, Homestead Allowance, Exempt Property, and Family Allowance. On September 15, 2016, Tyler as the Personal Representative, filed a Notice of Disallowance of the Verified Creditor's Claim.

¶9 On September 16, 2016, Gail obtained new counsel. On November 14, 2016, Gail's counsel petitioned the District Court to allow her creditor claim. However, on November 21, 2016, before the court could rule on that motion, Gail's counsel filed a Motion for Relief From Formal Testacy Order entered 1/26/2016; or alternatively for Imposition of Constructive Trust. Gail's counsel argued the 6 Point Document should have been included in the Order of Formal Probate of the Will. The issue was fully briefed. On January 9, 2017, Gail withdrew her creditor claim against the Estate.

¶10 On January 18, 2017, the District Court denied Gail's Motion for Relief From Formal Testacy Order entered 1/26/2016; or alternatively for Imposition of Constructive Trust. Gail appeals the denial of her Motion for Relief. We affirm.

## STANDARD OF REVIEW

¶11 We review a district court's ruling denying a motion to alter or amend its judgment pursuant to Rule 60(b), M. R. Civ. P., for an abuse of discretion. *Heller v. Gremaux*, 2002 MT 199, ¶ 7, 311 Mont. 178, 53 P.3d 1259.

¶12 The interpretation and construction of a statute is a matter of law, and we review whether the district court interpreted and applied a statute correctly de novo. *State v. Triplett*, 2008 MT 360, ¶ 13, 346 Mont. 383, 195 P.3d 819.

¶13 This Court reviews factual findings to determine whether they are clearly erroneous. *Roland v. Davis*, 2013 MT 148, ¶ 21, 370 Mont. 327, 302 P.3d 91. A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the court misapprehended the effect of the evidence or if, upon reviewing the record, this Court is left with the definite and firm conviction that the district court made a mistake. *Roland*, ¶ 21.

## DISCUSSION

¶14 *Issue One: Did the District Court err in determining M. R. Civ. P. 60(b) did not apply?*

¶15 Gail asserts that M. R. Civ. P. 60(b)(6) governs her January 26, 2016 Motion for Relief From Formal Testacy Order, or alternatively for Imposition of Constructive Trust, not § 72-3-317, MCA. Gail argues the District Court erred when it determined that M. R. Civ. P. 60(b)(6) does not apply to formal testacy orders because it is inconsistent with § 72-3-317, MCA.

5

¶16 Rule 60(b) applies generally to final judgments, orders, or proceedings, while § 72-3-317, MCA, applies specifically to formal testacy orders. Rule 1 of the Montana Rules of Civil Procedure states "these rules govern the procedure in all civil actions and proceedings in the district courts of the state of Montana, including probate proceedings, unless specifically provided to the contrary in the Uniform Probate Code." Montana adopted the Uniform Probate Code (UPC) in 1947 as codified in § 72-1-101, MCA, et seq. (formerly R.C.M., 91A-1-101(1947)). The UPC, § 72-1-207, MCA, provides that "unless specifically provided to the contrary in this code or unless inconsistent with its provisions, the rules of civil procedure, including the rules concerning vacation of orders and appellate review, govern formal proceedings under this code."

¶17 Therefore, the Montana Rules of Civil Procedure apply to all probate actions and proceedings, unless specifically provided to the contrary in the UPC or the Rules of Civil Procedure are inconsistent with the provisions of the UPC.

¶18 For the case at hand, the UPC, § 72-3-317, MCA, specifically provides that a formal testacy order is "final as to all persons with respect to all issues." When a petitioner seeks relief from a formal testacy order, their petition is "subject to appeal and subject to vacation as provided in 72-3-318 and this section." Section 72-3-317, MCA. The plain language of the statute allows for an appeal or vacation from a formal testacy order only under the terms provided in §§ 72-3-317 and -318, MCA.

¶19 Section 72-3-317, MCA, is inconsistent with M. R. Civ. P. 60 because no petition for probate of any other instrument may be entertained unless the final testacy order is first appealed or vacated as stated in § 72-3-317, MCA.

¶20 Gail cites a list of non-jurisdictional UPC cases asserting that final testacy orders are subject to collateral attack under M. R. Civ. P. 60(b).[1] After review of these cases, we disagree with their application to the case at hand. Under the facts of this case, a petition for relief from a formal testacy order based on a later offered will, are entertained under §§ 72-3-317 and -18, MCA.

¶21 The District Court properly interpreted M. R. Civ. P. 60 and § 72-3-317, MCA, correctly determining that Gail's motion for relief from the formal testacy order must be considered under § 72-3-317, MCA. Therefore, we decline to address Gail's analysis of the motion for relief from formal testacy order under M. R. Civ. P. 60(b)(6).

¶22 *Issue Two: Did the District Court err in denying Gail's motion to modify a formal testacy order under § 72-3-317(4), MCA?*

¶23 In the District Court, Gail asserted § 72-3-317(4), MCA, allows for modification of the Final Probate Order; thereby, allowing the 6 Point Document to be included in the order as a codicil to the will. Gail asserted in her motion and in her appeal that her previous counsel was grossly negligent regarding the introduction of the 6 Point Document to the District Court, that previous counsel was negligent in their unfamiliarity with Montana law, and that the Estates' Personal Representative breached his fiduciary duties by failing to present the 6 Point Document at the January 26, 2016 hearing. Gail

---

[1] *See Mathieson v. Hubler*, 92 N.M. 381, 588 P.2d 1056 (N.M. App. 1978); *In re Bourne*, 99 N.M. 694, 662 P.2d 1361 (N.M. App. 1983) (judgement was not final); *In re Estate of Chasel*, 725 P.2d 1345, 1349 (Utah 1986) (argument denied based on failure to file timely motion); *In re Estate of Pepper*, 711 P.2d 261, 263 (Utah 1985) (The Utah Supreme Court while interpreting a separate and distinct statute, § 75-3-1001, UCA, Formal proceedings terminating administration — Testate or intestate — Order of general protection, did state "no reason . . . appears why such an order should be treated any differently than any other final order or judgment of the court which is always subject to a timely Rule 60(b) attack." However, that interpretation of a different statute is not relevant here.).

asserted this created an appropriate circumstance to provide relief under § 72-3-317(4), MCA. The District Court denied Gail's claim, finding § 72-3-317(4), MCA, cannot be read separately from section 1 and Gail failed to satisfy either condition required in section 1 justifying relief. On appeal, Gail asserts this was error, as § 72-3-317(4), MCA, clearly stands alone as an avenue of relief, separate and apart from the statutes other sections.

¶24     When we interpret a statute, this Court's purpose is to implement the objective the Legislature sought to achieve. *In re Estate of Martelle*, 2001 MT 194, ¶ 18, 306 Mont. 253, 32 P.3d 758. The court's role is to ascertain and declare what is in "terms or in substance contained" in a statute, and not to insert what is omitted or omit what is inserted. Section 1-2-101, MCA; *State v. Cooksey*, 2012 MT 226, ¶ 32, 366 Mont. 346, 286 P.3d 1174. The intent of a statute must be ascertained from a holistic survey of the statute's text, language, and structure. *State v. Triplett*, 2008 MT 360, ¶ 25, 346 Mont. 383, 195 P.3d 819. Legislative intent must first be determined from the plain words used in the statute, and when that is possible, no other means of interpretation are proper. *City of Missoula v. Cox*, 2008 MT 364, ¶ 9, 346 Mont. 422, 196 P.3d 452. Courts may not disregard the plain language of a statute. *Bank of America v. Ivey*, 2010 MT 131, ¶ 10, 356 Mont. 388, 234 P.3d 867.

¶25     Section 72-3-317, MCA, provides:

> Subject to appeal and subject to vacation as provided in 72-3-318 and this section, *a formal testacy order under 72-3-313 through 72-3-316*, including an order that the decedent left no valid will and determining heirs, *is final as to all persons with respect to all issues concerning the decedent's estate that the court considered or might have considered incident to its rendition*

8

*relevant to the question of whether the decedent left a valid will and to the determination of heirs,* except that:

(1)  the court shall entertain a petition for modification or vacation of its order and probate of another will of the decedent if it is shown that the proponents of the later-offered will:

(a)  were unaware of its existence at the time of the earlier proceeding; or

(b)  were unaware of the earlier proceeding and were given no notice of the proceeding, except by publication;

(2)  if intestacy of all or part of the estate has been ordered, the determination of heirs of the decedent may be reconsidered if it is shown that one or more persons were omitted from the determination and it is also shown that the persons:

(a)  were unaware of their relationship to the decedent;

(b)  were unaware of the decedent's death; or

(c)  were given no notice of any proceeding concerning the decedent's estate, except by publication;

(3)  a petition for vacation under either subsection (1) or (2) above must be filed prior to the earlier of the following time limits:

(a)  if a personal representative has been appointed for the estate, the time of entry of any order approving final distribution of the estate or, if the estate is closed by statement, 6 months after the filing of the closing statement;

(b)  whether or not a personal representative has been appointed for the estate of the decedent, the time prescribed by 72-3-122 when it is no longer possible to initiate an original proceeding to probate a will of the decedent;

(c)  12 months after the entry of the order sought to be vacated;

(4)  the order originally rendered in the testacy proceeding may be modified or vacated, if appropriate under the circumstances, by the order of

probate of the later-offered will or the order redetermining heirs. (Emphasis added.)

¶26 The above quoted statute is clear that a formal testacy order is final with respect to all issues concerning the decedent's estate, including those issues which the court considered or might have considered, relevant to the question of whether the decedent left a valid will. It is equally clear that the court will not "entertain" a modification or vacation request unless the petitioner can show she was either unaware of the later-offered wills existence at the time of the earlier proceeding or was unaware of the earlier proceeding and was given no notice of the proceeding. Section 72-3-317(1), MCA. By the terms of the statute, a court cannot issue an order of probate of a later-offered will without the proponent of such a document satisfying either burden of § 72-3-317(1), MCA.

¶27 The District Court's interpretation of the statute is correct; §§ 72-3-317(1)(a) and (4), MCA, are meant to be read together. Section 72-3-317, MCA, authorizes a modification or vacation from a formal testacy order under certain circumstances. Section 72-3-317(1)(a), MCA, requires the court to entertain a petition for modification or vacation, when the proponent of a later-offered will of the decedent, was either "unaware of its existence at the time of the earlier proceeding" or "unaware of the earlier proceeding and were given no notice of the proceeding, except by publication." Then, if the required showing is sufficient under § 72-3-317(1), MCA, the court may modify or vacate the original probate order through the order of probate of the later-offered will, if appropriate. Section 72-3-317(4), MCA.

¶28 Gail does not assert she would be successful under § 72-3-317, MCA, if it required a showing of either condition in § 72-3-317(1), MCA. The factual record shows Gail and her counsel were both aware of the 6 Point Document and the hearing. The District Court correctly determined that Gail had failed to carry the burden necessary to seek relief under § 72-3-317(4), MCA.

¶29 *Issue Three: Did the District Court err in denying Gail's request for imposition of a constructive trust?*

¶30 Gail argues the Court should impose a constructive trust for her benefit; without imposition of a constructive trust, the decedent's children would be unjustly enriched and the decedent's express testamentary intent would be denied. The District Court determined that based on the facts in this case, Gail is not entitled to the equitable remedy of a constructive trust.

¶31 In her petition to be the Personal Representative, Gail represented to the District Court that she "exercised reasonable diligence to determine if Decedent died testate and is unaware of any unrevoked testamentary instrument relating to property having situs in Montana." Gail filed a creditor claim against the Estate based on the 6 Point Document. When her claim was denied, Gail then sought to have the Formal Order of Probate modified or vacated to include the 6 Point Document based on its testamentary intent. The court denied Gail's claim, finding Gail created the error of which she complains based on her legal strategy. The Decedent's children and Personal Representative oppose the imposition of a constructive trust.

11

¶32 A constructive trust serves as a proper remedy to unjust enrichment. A constructive trust arises when a person holding title to property is subject to an equitable duty to convey it to another on the ground that the person holding title would be unjustly enriched if the holder were permitted to retain it. Section 72-38-123, MCA. However, a party cannot expect equitable relief unless she comes into court with clean hands. *Schindler v. United Servs. Auto. Ass'n,* 2011 MT 129, ¶ 24, 360 Mont. 528, 254 P.3d 583. Gail had knowledge of and exclusive control of the 6 Point Document when she filed her temporary intestacy petition and represented to the District Court that she was "unaware of any unrevoked testamentary instrument." The District Court and the Personal Representative for the Estate relied on Gail's representations when creating the Probate Order and Gail did not object to the Probate Order. Gail cannot now expect an equitable remedy in order to avoid the alleged wrong, the handling of the 6 Point Document.

¶33 The District Court found sufficient grounds to deny the imposition of a constructive trust. The District Court did not misapprehend the facts, nor did the District Court err in its interpretation of law. The District Court's denial of an imposition of a constructive trust was not clearly erroneous.

¶34 *Issue Four: Is the Personal Representative entitled to attorney fees and costs pursuant to § 72-12-206, MCA?*

¶35 The Personal Representative (PR) seeks attorney fees under § 72-12-206, MCA. Gail asserts attorney fees should be denied because Gail did not contest the "validity or probate of the will," the District Court impliedly denied an award of attorney fees, and that the PR's request for attorney fees is untimely.

12

¶36 A motion for attorney fees filed after entry of a judgment is treated as a motion to alter or amend a judgment. *Associated Press v. Crofts*, 2004 MT 120, ¶ 36, 321 Mont. 193, 89 P.3d 971. M. R. Civ. P. 59(d) controls a motion to alter or amend a judgment and the motion must be filed within twenty-eight days of entry of judgment. However, once an appeal is filed, the District Court no longer has jurisdiction over a case. *Powder River Cnty. v. State*, 2002 MT 259, ¶¶ 27-28, 312 Mont. 198, 60 P.3d 357. "After notice has been filed, the District Court retains jurisdiction only to correct clerical errors and jurisdiction over ancillary matters, as well as some jurisdiction over matters involving appeal such as undertaking of costs, stay of judgment, and matters involving transcript on appeal." *Powder River Cnty*, ¶ 27 (citing *Powers Mfg. Co. v. Leon Jacobs Enterprises*, 216 Mont. 407, 411, 701 P.2d 1377, 1380 (1985)).

¶37 Here, the PR filed the Notice of Entry of Order on January 27, 2017; the PR had until February 24, 2017, to file his motion for attorney fees. However, Gail filed an appeal in this Court on February 16, 2017, before the twenty-eight days to file a M. R. Civ. P. 59(e) motion to amend or alter the judgment seeking attorney fees expired. Thus, the PR was prevented from filing a motion to amend or alter seeking attorney fees in the District Court after February 16.

¶38 However, after an opposing party files a timely appeal, the petitioner may file a cross-appeal within fifteen days; which is exactly what the PR did here. M. R. App. P. 4; *Neumann v. Rogstad*, 232 Mont. 24, 29, 757 P.2d 761, 765 (1988). Gail filed her appeal on February 16, 2017, the PR filed his cross-appeal on March 1, 2017. The PR's cross-motion for attorney fees is properly before this Court.

13

¶39 Next, we must determine if the PR is entitled to attorney fees under § 72-12-206, MCA, which provides:

> **Fees and expenses -- by whom paid.** When the validity or probate of a will is contested through court action, the attorney fees and costs, as provided in 25-10-201, incurred in defending the validity or probate of the will must be paid by the party contesting the validity or probate of the will if the will in probate is confirmed.

¶40 The PR argues that he is entitled to fees pursuant to the statutory criteria: he defended the probate of a contested will, and the will was confirmed. Gail asserts that she did not contest the probate of a will, but instead moved for relief from the Formal Probate Order. We disagree. While Gail did not initially contest the probate of the Will and Codicil, after her creditor's claim was denied, Gail challenged the Final Probate Order. Gail's motion to amend or alter is predicated on the argument that the current probate of the Will and Codicil is incorrect and that the 6 Point Document is a second codicil. The PR contested the 6 Point Document as a second codicil while defending the probate of the Will and Codicil. *In re Estate of Edwards*, 2017 MT 93, ¶¶ 85-90, 387 Mont. 274, 393 P.3d 639. The PR defended the probate of the Will pursuant to Gail's motion, and the Will and Codicil in probate were confirmed. If a party successfully defends a will, he is entitled to both attorney fees and costs. *In re Estate of Edwards*, ¶ 87. The PR is entitled to attorney fees and costs under § 72-12-206, MCA.

## CONCLUSION

¶41 The District Court's interpretation of the statutes is correct. Under the facts of this case, a motion for relief from a formal testacy order must be considered under § 72-3-317, MCA. Section 72-3-317(1), (1)(a) and (4), MCA, are meant to be read

14

together in order to determine if a proponent of a later-offered will can modify or vacate the final probate order. Gail failed to make the necessary showing under § 72-3-317(1), MCA, to justify relief from the final probate order. The District Court correctly determined that Gail had failed to carry the burden necessary to seek relief under § 72-3-317(4), MCA. The District Court's denial of an imposition of a constructive trust was not clearly erroneous. The Personal Representative is entitled to costs and fees under § 72-12-206, MCA.

¶42 Affirmed and remanded to the District Court for determination of reasonable costs and fees.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE