FILED

06/16/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0515

DA 19-0515

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 153

IN THE MATTER OF THE ESTATE OF:

CHANDLER A. SWANBERG,

     Deceased.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADP-13-043
Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

     For Appellants:

          Todd A. Stubbs, Levi G. Stubbs, Stubbs Law, P.C., Manhattan, Montana

     For Appellee:

          Chris Walker, Bradley E. Dugdale, Keith A. Maristuen, Bosch, Kuhr, Dugdale, Martin & Kaze, PLLP, Havre, Montana

Submitted on Briefs:  May 6, 2020

Decided:  June 16, 2020

Filed:

                                   Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Tristan Swanberg and Taylor Swanberg (the "Swanbergs") appeal from the order of the Eighth Judicial District Court, Cascade County, denying their petition to reopen the estate of their late father, Chandler A. Swanberg (Chandler). Jennifer Wilson (Wilson) cross-appeals the District Court's failure to award her attorney fees pursuant to § 72-12-206, MCA, for successfully defending the validity and probate of Chandler's will. We address the following issues on appeal:

*1. Whether the District Court erred in denying the Swanbergs' petition to reopen Chandler's estate;*

*2. Whether the District Court erred in failing to address Wilson's request for attorney fees.*

¶2 We affirm on issue 1 and reverse and remand on issue 2 for further proceedings.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 Chandler executed his Last Will and Testament (the "2006 Will") and a trust instrument, creating the Chandler A. Swanberg Trust, on October 12, 2006. Chandler died on November 26, 2012, leaving three surviving adult children: the Swanbergs and Wilson. On March 7, 2013, Wilson filed a Petition for Formal Probate of Will, Determination of Testacy and Heirs, and Appointment of Personal Representative with the District Court, seeking to probate the 2006 Will. Under the terms of the 2006 Will and trust, Chandler left almost all his real and personal property to Wilson, including his substantial real property holdings in Swanberg Farms located in north-central Montana. Wilson provided the required notice of the probate proceeding to the Swanbergs. The Swanbergs did not

2

appear at any hearings or file any objections with the court during the original proceeding. On March 20, 2013, the court admitted the 2006 Will to formal probate and appointed Wilson as the personal representative of the estate. The District Court issued the decree of distribution and order approving settlement and distribution of the estate according to the terms of the 2006 Will on November 30, 2016.

¶4 The Swanbergs filed a verified petition to reopen Chandler's estate on November 13, 2018, and an amended petition on December 3, 2018. They alleged Chandler lacked the necessary mental capacity and competency to fully know and appreciate the contents of the 2006 Will and trust, Wilson exerted undue influence on Chandler to execute the 2006 Will and trust, or Wilson obtained the execution of the 2006 Will and trust through fraudulent means. They maintain a prior will left Chandler's property to the three children in equal shares. The Swanbergs allege when they learned of the changes in the 2006 Will before the original probate proceeding, they confronted Wilson, who assured them they would receive their "fair share" of Chandler's estate. The Swanbergs allege they understood this to mean they would receive equal shares of the estate notwithstanding the terms of the 2006 Will and trust, and they did not contest the 2006 Will during the original probate proceeding based on this assurance. The Swanbergs maintain they first learned Wilson did not intend to distribute equal shares of the estate to them when she filed a separate action to partition Swanberg Farms in July 2018. The Swanbergs sought declaratory judgment under § 27-8-101, MCA, that the trust was invalid or void due to Chandler's lack of testamentary capacity, undue influence, and fraud.

3

Alternatively, the Swanbergs sought to set aside the prior probate proceeding under M. R. Civ. P. 60(b)(6) based on extrinsic fraud or fraud upon the court. The Swanbergs claimed Wilson was liable, both individually and as personal representative of the estate, for deceit under § 27-1-712(1), MCA. To support each of their claims, the Swanbergs alleged Wilson committed fraud against them, the court, and Chandler.

¶5 Wilson filed a motion to dismiss the petition under M. R. Civ. P. 12(b)(6). Wilson argued, among other things, that the Swanbergs' claims were time-barred by §§ 72-3-317 and -318, MCA, and sought her attorney fees and costs. The District Court agreed the Swanbergs' claims were time-barred under §§ 72-3-317 and -318, MCA, and dismissed the petition. The court did not address Wilson's request for attorney fees. The Swanbergs appeal and Wilson cross-appeals.

**STANDARD OF REVIEW**

¶6 This court reviews de novo a district court's grant or denial of a motion to dismiss for failure to state a claim pursuant to M. R. Civ. P. 12(b)(6). *Strauser v. RJC Inv., Inc.*, 2019 MT 163, ¶ 5, 396 Mont. 348, 445 P.3d 803. The focus of a Rule 12(b)(6) motion to dismiss is whether the complaint is facially sufficient to state a cognizable legal claim entitling the claimant to relief on the facts pled. *Stowe v. Big Sky Vacation Rentals, Inc.*, 2019 MT 288, ¶ 12, 398 Mont. 91, 454 P.3d 655. A claim is subject to dismissal under Rule 12(b)(6) if it either fails to state a cognizable legal theory for relief or states an otherwise valid legal claim but fails to state sufficient facts that, if true, would entitle the claimant to relief under the claim. *Anderson v. ReconTrust Co.*, 2017 MT 313, ¶ 8,

4

390 Mont. 12, 407 P.3d 692. The Court takes all well-pleaded factual assertions as true in the light most favorable to the claimant. *Stowe*, ¶ 12.

## DISCUSSION

¶7    *1. Whether the District Court erred in denying the Swanbergs' petition to reopen Chandler's estate.*

¶8    In their opening brief, the Swanbergs explain they brought two specific fraud claims: (1) whether Wilson defrauded Chandler at the time he executed the 2006 Will; and (2) whether Wilson fraudulently represented to the Swanbergs they would receive their equal share of the estate notwithstanding the terms of the 2006 Will and lulled them into not participating in the formal testacy proceeding. The Swanbergs argue on appeal the District Court erred in determining the time limitations of §§ 72-3-317 and -318, MCA, governed their claims of fraud. Rather, they argue their allegations of fraud fall under § 72-1-111, MCA, and the statute of limitations under that statute did not begin to run until they discovered Wilson's fraud when she filed for partition of the farm property in July 2018. Additionally, they argue the court could have granted them relief from judgment under Rule 60(b), because Wilson engaged in fraud upon the court and extrinsic fraud that prevented them from having a fair submission of the controversy before the court.

¶9    Montana has adopted the Uniform Probate Code (UPC) to govern probate proceedings in this state. When a petitioner seeks relief from a formal testacy order, the petition is subject to appeal and vacation as provided in §§ 72-3-317 and -318, MCA. *See* § 72-3-317, MCA; *In re Estate of Erickson*, 2017 MT 260, ¶ 18, 389 Mont. 147, 406 P.3d 1; *see also* § 72-3-314, MCA ("After a final order in a testacy proceeding has been entered,

5

no petition for probate of any other instrument of the decedent may be entertained, except incident to a petition to vacate or modify a previous probate order and subject to the time limits of 72-3-317.").

¶10  Section 72-3-317, MCA, provides that a formal testacy order "is final as to all persons with respect to all issues concerning the decedent's estate that the court considered or might have considered incident to its rendition relevant to the question of whether the decedent left a valid will" with limited exceptions. The court will "entertain a petition for modification or vacation of its order and probate of another will of the decedent" only if the proponents of the later-offered will were unaware of the existence of the will at the time of the earlier proceeding or were unaware of the earlier proceeding and were given no notice of the proceeding. Section 72-3-317(1)(a)-(b), MCA. A petition meeting those requirements must be filed prior to the earlier of three time limits: (1) if a personal representative has been appointed for the estate, the time of entry of any order approving final distribution of the estate or, if the estate is closed by statement, 6 months after the filing of the closing statement; (2) when it is no longer possible to initiate an original proceeding to probate a will of the decedent under the time limitations of § 72-3-122, MCA; or (3) 12 months after the entry of the order sought to be vacated. Section 72-3-317(3)(a)-(c), MCA. Under § 72-3-318, MCA, the court may also modify or vacate an order in a formal testacy proceeding "[f]or good cause shown" within the time allowed for appeal of that order. In civil cases, an appeal must be filed within 30 days from the date the court entered the order from which the appeal is taken. M. R. App. P. 4(5)(i).

6

¶11 Section 72-1-111, MCA, provides remedies for fraud perpetrated in connection with probate proceedings or to avoid or circumvent the provisions or purposes of the UPC. It allows a person injured by the fraud to "obtain appropriate relief, including restitution against the perpetrator of the fraud or any person benefitting from the fraud." Section 72-1-111(1), MCA. But "[t]his section has no bearing on remedies relating to fraud practiced on a decedent during the decedent's lifetime that affects the succession of the decedent's estate." Section 71-1-111(3), MCA. A proceeding under § 72-1-111, MCA, generally must be commenced within two years after the discovery of the fraud. Section 72-1-111(2), MCA.

¶12 Based on its plain language, § 72-1-111, MCA, "has no bearing" on the Swanbergs' claims Chandler lacked testamentary capacity or Wilson exerted undue influence or defrauded Chandler. Such a claim should have been litigated during the formal probate proceeding under the provisions of the UPC governing formal probate proceedings. *See* §§ 72-3-308 through -314, MCA. The 2013 order admitting the 2006 Will to probate was a final testacy order entered during a formal probate proceeding. Vacation or amendment of this formal testacy order is subject to the limitations of §§ 72-3-317 and -318, MCA. The Swanbergs do not allege facts that would allow them to meet the requirements of §§ 72-3-317 and -318, MCA, to modify or vacate the formal testacy order for fraud against Chandler.

¶13 The Swanbergs also cannot seek relief from judgment for the claim of fraud against Chandler under Rule 60(b). The rules of civil procedure govern formal proceedings under

7

the UPC unless those rules are inconsistent with the provisions of the UPC. *See* § 72-1-207, MCA. As we explained in *In re Estate of Erickson*, ¶ 19, "[§] 72-3-317, MCA, is inconsistent with M. R. Civ. P. 60 because no petition for probate of any other instrument may be entertained unless the final testacy order is first appealed or vacated as stated in § 72-3-317, MCA." Thus, a party cannot seek relief from a formal testacy order under Rule 60(b). The Swanbergs urge this case is distinguishable from *In re Estate of Erickson* because Wilson committed fraud on the court by submitting the allegedly fraudulent 2006 Will to the court for probate. We disagree. Submitting a will that may be subject to a will contest is not fraud on the court. One of the purposes of formal probate proceedings is to provide a forum to resolve such disputes.

¶14 This leaves the Swanbergs' claim against Wilson for fraudulently representing they would receive their "fair share" of the estate. The Swanbergs maintain Wilson's deceit toward them is a cognizable claim under § 72-1-111, MCA, that allows for the reopening of Chandler's estate. In essence, the Swanbergs are arguing Wilson's misrepresentation entitles them to a waiver of the limitations of §§ 72-3-317 and -318, MCA, so they can bring a belated challenge to the validity of Chandler's 2006 Will. As the District Court recognized, the Swanbergs' allegations are not sufficient to toll the time limitations of §§ 72-3-317 and -318, MCA, under these circumstances. The Swanbergs were aware of the contents of the 2006 Will and the facts that made them believe the 2006 Will was invalid at the time of the original proceeding. They allege they confronted Wilson before she initiated the formal probate proceeding and she promised them they would receive their

"fair share" of the estate. Although the Swanbergs argue they understood this ambiguous statement to mean they would receive equal shares, nothing Wilson allegedly said promised she would take such action. They received notice of Wilson's petition to probate the 2006 Will in March 2013. Thereafter, the court admitted the 2006 Will to probate and well over three years later issued a decree, distributing the estate in accordance with the provisions of the 2006 Will. The Swanbergs did not attend the hearing or file an objection at any point in the process. Nor did they inform the court they were not contesting the 2006 Will because they had come up with an agreement among themselves to alter the distribution of the estate, as allowed under § 72-3-915, MCA. Given the facts of this case, the Swanbergs cannot rely on § 72-1-111, MCA, to toll or waive the limitations of §§ 72-3-317 and -318, MCA. The District Court correctly determined the Swanbergs' allegations did not toll the timeframe for filing a claim to challenge the probate of Chandler's 2006 Will.

¶15 The District Court correctly dismissed the Swanbergs' petition for failure to state a claim under Rule 12(b)(6).

¶16 *2. Whether the District Court erred in failing to address Wilson's request for attorney fees.*

¶17 In her motion to dismiss, Wilson sought attorney fees under § 72-12-206, MCA, arguing the Swanbergs' action is properly characterized as a will contest. The District Court determined "the gravamen of [the Swanbergs'] claims sound in a will contest," but did not address Wilson's request for attorney fees. On cross-appeal, Wilson urges she is entitled to attorney fees and costs under the statute and the District Court erred in failing to award them to her. We agree.

9

¶18    Section 72-12-206, MCA, provides in pertinent part:

> When the validity or probate of a will is contested through court action, the attorney fees and costs, as provided in 25-10-201, incurred in defending the validity or probate of the will must be paid by the party contesting the validity or probate of the will if the will in probate is confirmed.

The Swanbergs' claims sought to reopen Chandler's estate, have the 2006 Will and trust declared invalid, and have a prior will probated in place of the 2006 Will. Wilson successfully defended the probate of the 2006 Will from the Swanbergs' challenge and is entitled to fees and costs as provided in § 72-12-206, MCA, as a matter of law. *In re Estate of Harmon*, 2011 MT 84A, ¶¶ 63-64, 360 Mont. 150, 253 P.3d 821; *In re Estate of Lande*, 1999 MT 179, ¶ 31, 295 Mont. 277, 983 P.2d 316. As such, we remand to the District Court to determine Wilson's reasonable attorney fees and costs.

## CONCLUSION

¶19    The dismissal of the Swanbergs' petition to reopen the estate is affirmed. The failure to award Wilson attorney fees and costs is reversed and remanded to the District Court to determine Wilson's reasonable attorney fees and costs.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ LAURIE McKINNON
/S/ BETH BAKER