FILED

06/01/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0565

DA 20-0565

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 135N

DESTINY CARTER n/k/a DESTINY WIEGAND,

Plaintiff and Appellant,

v.

STATE OF MONTANA, OFFICE OF PUBLIC DEFENDER,

Defendant and Appellee.

APPEAL FROM:  District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV 2020-968
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Joseph Nevin, Attorney at Law, Helena, Montana

For Appellee:

Lindsey R. Simon, Assistant Attorney General, Agency Legal Services
Bureau, Helena, Montana

Submitted on Briefs:  April 28, 2021

Decided:  June 1, 2021

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Destiny Wiegand (Destiny) appeals from the order entered by First Judicial District Court, Lewis and Clark County, granting the motion of Defendant State of Montana, Office of Public Defender (OPD) to dismiss her action brought under the Wrongful Discharge from Employment Act, Title 39, Chapter 2, Part 9, MCA (WDEA).

¶3 We review de novo a district court's ruling on a M. R. Civ. P. 12(b)(6) motion to dismiss, and "all allegations of fact are taken as true." *Reavis v. Pennsylvania Higher Educ. Assistance Agency*, 2020 MT 181, ¶ 13, 400 Mont. 424, 467 P.3d 588 (citation omitted). On November 1, 2019, OPD terminated Destiny for falsifying her timesheet. Destiny timely initiated OPD's internal administrative procedure to grieve her termination. Although the process includes selection of a hearing examiner and a timeline leading to issuance of a decision, Destiny and OPD agreed upon a case-specific schedule for exchange of discovery, witness and exhibit lists, and a hearing date. Pursuant thereto, Dave Luckey, the hearing officer, set the discovery deadline for April 13, 2020. After serving discovery requests on OPD, Destiny stipulated to a continuance of the response deadline to April 20, but Luckey issued an order incorrectly stating the stipulated deadline for April 27,

apparently a typographical error. On April 9, Destiny emailed OPD and Luckey regarding the error, requesting OPD agree to the original April 20 deadline. Neither Luckey nor OPD replied.

¶4 By April 25, 2020, OPD had served partial, but not complete, responses to Destiny's discovery requests. The grievance procedure provides, "[i]f management fails to respond within the timeframes established for a step, the grievant may proceed to the next appropriate step of the procedure." Admin. R. Mont. 2.21.8021(2) (1988). Destiny filed a notice on April 25, 2020, declaring she "had exhausted her administrative remedies," citing OPD's failure to "provide discovery by the stipulated deadline" of April 20. On June 25, 2020, Destiny filed a complaint in the District Court alleging that her discharge was wrongful because OPD "violated the express provisions of its written personnel policy by agreeing to provide Destiny's discovery responses" and meet other grievance deadlines but had failed to do so.[1]

¶5 OPD moved to dismiss the action pursuant to M. R. Civ. P. 12(b)(6). The District Court granted the motion, agreeing with OPD that "the post-termination actions of an agency cannot be the subject of a WDEA claim" and Destiny "has not pled facts establishing a causal link between OPD's violation of the grievance rules and her termination." Destiny appeals.

---

[1] Destiny's amended complaint alleged two other counts that are not at issue in this appeal.

3

¶6   "We review de novo a district court's ruling on a M. R. Civ. P. 12(b) motion to dismiss." *Dickson v. Marino*, 2020 MT 196, ¶ 6, 400 Mont. 526, 469 P.3d 159 (citations omitted). "The district court's determination is a conclusion of law that we review for correctness." *Dickson*, ¶ 6 (citations omitted). Regarding the sufficiency of a complaint, we have explained:

> The focus of a Rule 12(b)(6) motion to dismiss is whether the complaint is facially sufficient to state a cognizable legal claim entitling the claimant to relief on the facts pled. A claim is subject to dismissal under Rule 12(b)(6) if it either fails to state a cognizable legal theory for relief or states an otherwise valid legal claim but fails to state sufficient facts that, if true, would entitle the claimant to relief under the claim.

*In re Estate of Swanberg*, 2020 MT 153, ¶ 6, 400 Mont. 247, 465 P.3d 1165 (citations omitted).

¶7   *1. Did the District Court err by dismissing Destiny's wrongful discharge claim under § 39-2-904(1)(c), MCA?*

¶8   Destiny argues "OPD's written agreement to provide discovery became part of its written personnel policy," and thus "OPD's failure to provide discovery deprived Destiny of her right to present evidence as per its written personnel policy," which rendered her discharge wrongful under the WDEA. OPD responds that Destiny's allegation of a personnel policy violation by OPD does not state a WDEA claim, because it had "no causal connection to her discharge."

¶9   The WDEA authorizes "only those claims for damages caused by an asserted wrongful discharge." *Beasley v. Semitool, Inc.*, 258 Mont. 258, 261, 853 P.2d 84 (1993). For claims under § 39-2-904(1)(c), MCA, alleged here, the WDEA provides a "discharge

4

is wrongful only if . . . the employer violated the express provisions of its own written personnel policy." Generally, a civil action "accrues when all elements of the claim or cause exist or have occurred. . .." Section 27-2-102(1)(a), MCA We have held that, for purposes of the WDEA, severance of the employment relationship occurs when the employee is no longer earning compensation from the employer, and thus, has incurred damages. *Allison v. Jumping Horse Ranch, Inc.*, 255 Mont. 410, 414, 843 P.2d 753, 756 (1992); *accord* § 39-2-903(2), MCA (defining "discharge" to mean "termination of employment").

¶10 Destiny alleges the personnel policy violation that sustains her discharge claim under § 39-2-904(1)(c), MCA, occurred when OPD violated the scheduling order of the grievance process in April 2020. However, this process violation occurred after, and was not the basis of, the termination of her employment in November 2019, at which point severance occurred and she sustained damages. *See Allison*, 255 Mont. at 414, 843 P.2d at 756. Therefore, her complaint did not state a valid claim for wrongful discharge under the WDEA. Consequently, we hold the District Court did not err by dismissing Destiny's claim for wrongful discharge.

¶11 *2. Did the District Court err by stating that a petition for judicial review of the agency decision was the appropriate remedy for Destiny's discharge?*

¶12 Destiny also challenges the District Court's statement that the "grievance process is an agency action and the appropriate manner to challenge the process and outcome of an agency action is through a petition for judicial review, not an independent damage claim."

5

Destiny argues her independent action under the WDEA was timely and validly pursued. While we have concluded above that Destiny's complaint did not state a valid WDEA claim, we nonetheless agree that an independent action was the appropriate remedy to pursue an alleged violation of her employer's personnel policy. However, the District Court's brief comment was stated after it properly concluded that Destiny had failed to state a valid claim under the WDEA, and was merely "obiter dictum," which "is not an appropriate basis for an assignment of error." *Giacomelli v. Scottsdale Ins. Co.*, 2009 MT 418, ¶ 28, 354 Mont. 15, 221 P.3d 666; *accord Empire Theatre Co. v. Cloke*, 53 Mont. 183, 191, 163 P. 107, 109 (1917). The statement had no impact on the outcome correctly reached by the District Court.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶14 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR