
ORIGINAL

FILED

03/08/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0229

DA 21-0229

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 48N

PETER C. GRIGG,

      Plaintiff and Appellant,

    v.

BEAVERHEAD EMERGENCY MEDICAL SERVICES,

      Defendant and Appellee.

FILED

MAR 0 8 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 21-114A
Honorable Amy Eddy, Presiding Judge

District Court of the Fifth Judicial District,
In and For the County of Beaverhead, Cause No. DV 21-14372
Honorable Jennifer B. Lint, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Peter C. Grigg, Self-represented, Kalispell, Montana

    For Appellee:

        Jill Gannon-Nagle, Law Office of Jill Gannon-Nagle, Dillon, Montana

Submitted on Briefs:  February 16, 2022

Decided:  March 8, 2022

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Peter C. Grigg (Grigg), a self-represented litigant, appeals the May 4, 2021 Order of the Montana Fifth Judicial District Court, Beaverhead County, dismissing his action against Beaverhead Emergency Medical Services (BEMS). The court dismissed the action after Grigg failed to respond to BEMS' M. R. Civ. P. 12(b)(6) motion to dismiss.

¶3 Grigg worked as a paramedic and manager for BEMS approximately 16 days before BEMS terminated his employment on January 29, 2021. On February 5, 2021, Grigg filed a complaint in Flathead County District Court that alleged a bald claim of "unlawful dismissal," with no further explanation or supporting factual allegations whatsoever. His Complaint requested relief of "[f]our years of wages under Title 37 of MCA for unlawful dismissal, retaliation, discrimination [and] workplace harassment." BEMS responded by filing a motion to change venue to Beaverhead County, a Rule 12(b)(6) motion to dismiss for failure to state a claim, and an answer to the Complaint. Thereafter, Grigg filed a document denominated "initial disclosure [and] exhibits" that referenced witnesses and documents, but he failed to respond to the pending motions.

¶4 On April 1, 2021, the Flathead County District Court granted a change of venue, noting that Grigg had failed to respond to BEMS' motion and "deeming the motion

2

well-taken pursuant to Rule 2(b), U.D.C.R." After the transfer, Hon. Judge Berger, Beaverhead County District Court, recused himself and called in Hon. Judge Lint, Ravalli County District Court, to preside over the matter. Judge Lint assumed jurisdiction on April 14, 2021, with venue remaining in Beaverhead County. On April 15, BEMS filed a motion for summary ruling on its pending Rule 12(b)(6) motion to dismiss, arguing that Grigg's continuing failure to respond to the motion constituted an admission the motion was well-taken under the Montana Uniform District Court Rules. On May 4, 2021, the District Court granted the motion, noting Grigg had not responded to BEMS' motion, despite more than 30 days passing since the response deadline. Grigg filed an appeal with this Court on May 13, 2021.

¶5      We review a district court's ruling on a Rule 12(b)(6) motion to dismiss de novo. *Plakorus v. Univ. of Mont.*, 2020 MT 312, ¶ 8, 402 Mont. 263, 477 P.3d 311 (citation omitted).

¶6      Grigg's appellate arguments are unclear, but he asserts that Beaverhead County "fail[ed] to hold jurisdiction" over the action, and that the Flathead County District Court should have decided on BEMS' motion to dismiss prior to transferring venue because the motion was originally filed there. Grigg does not challenge the change of venue itself, and it is clear that "[t]he court to which an action or proceeding is transferred has and exercises over the same the like jurisdiction as if it had been originally commenced therein." Section 25-2-204, MCA. Given Grigg's failure to respond to the motion or otherwise object, the action was properly transferred to Beaverhead County. Beaverhead County District Court obtained and held jurisdiction over the action as if the pleadings and subsequent motions

3

had originally been filed there, including BEMS' motion to dismiss, and properly decided the motion.

¶7 Grigg also appears to argue the District Court could not dismiss his case before BEMS had responded to his "initial disclosures [and] exhibits" document. However, a district court looks solely at the complaint when ruling on a Rule 12(b)(6) motion to dismiss. *Meagher v. Butte-Silver Bow City-County*, 2007 MT 129, ¶ 15, 337 Mont. 339, 160 P.3d 552. While Grigg's use of a form complaint was not improper, he provided no explanation or factual allegations whatsoever supporting his claim, merely stating "unlawful dismissal," an insufficient statement of his claim. "A claim is subject to dismissal under Rule 12(b)(6) if it either fails to state a cognizable legal theory for relief or states an otherwise valid legal claim but *fails to state sufficient facts that, if true, would entitle the claimant to relief under the claim*." *In re Estate of Swanberg*, 2020 MT 153, ¶ 6, 400 Mont. 247, 465 P.3d 1165 (citation omitted) (emphasis added).

¶8 Further, Grigg indisputably did not respond to BEMS' motion to dismiss within applicable time limits, or at all. BEMS served Grigg with the motion on or about March 8, and a response was required by on or about March 25. MUDCR 2(b); M. R. Civ. P. 6(a)(1), (d). The District Court did not rule until May 4, about 40 days after Grigg's deadline to respond, but he still had not filed an answer brief. "Failure to file briefs may subject the motion to summary ruling . . . . Failure to file an answer brief by the opposing party within the time allowed shall be deemed an admission that the motion is well taken." MUDCR 2(c). The District Court correctly granted BEMS' motion to dismiss Grigg's Complaint.

4

¶9 We may award sanctions to the prevailing party in an appeal "determined to be frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds." M. R. App. P. 19(5). Sanctions may include attorney fees. M. R. App. P. 19(5); *Jonas v. Jonas*, 2013 MT 202, ¶¶ 24-25, 371 Mont. 113, 308 P.3d 33. We conclude Grigg has pursued an appeal in this matter that is wholly frivolous as being without any substantial legal grounds, after he failed to properly respond to issues raised in the litigation before the District Court, which caused unnecessary costs for BEMS. We award BEMS its reasonable attorney fees on appeal as a sanction against Grigg. Having so concluded, we do not herein enter a vexatious litigant declaration against Grigg.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶11 We affirm and remand this matter to the District Court for entry of a judgment against Grigg including the amount of BEMS' reasonable attorney fees on appeal.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices