FILED

02/07/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0221

DA 22-0221

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 23N

PETER GRIGG,

      Plaintiff and Appellant,

    v.

ALISON PAUL, Executive Director, and
MONTANA LEGAL SERVICES ASSOCIATION,

      Defendants and Appellees.

APPEAL FROM:   District Court of the Eleventh Judicial District,
                In and For the County of Flathead, Cause No. DV-22-215
                Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Peter Grigg, Self-Represented, Kalispell, Montana

      For Appellees:

          Brett Clark, Crowley Fleck PLLP, Helena, Montana

                        Submitted on Briefs:  January 25, 2023

                                  Decided:  February 7, 2023

Filed:

                           _____
                                   Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Peter Grigg (Grigg) alleges he was denied legal representation by Montana Legal Services Association (MLSA) in dissolution proceedings filed against him by his ex-wife, Tiffaney Grigg. Tiffaney Grigg received assistance from MLSA. Grigg claims his federal and state constitutional rights were violated when MLSA denied him legal representation, even though he has little or no income. Grigg seeks restitution for "loss of all property & finances" in his marital dissolution and asked the District Court to "order legal representation, and defense, in Supreme Court appeal and district court." The Petition did not include any allegations against Ms. Paul.[1] MLSA and Ms. Paul filed a motion to dismiss maintaining Grigg's Petition failed to state a claim upon which relief could be granted. Grigg failed to respond. The District Court, after considering the motion on its merits, dismissed Grigg's Petition with prejudice. Grigg appeals.[2]

¶3 This Court reviews de novo a district court's dismissal of a complaint for failure to state a claim. *Plouffe v. State*, 2003 MT 62, ¶ 8, 314 Mont. 413, 66 P.3d 316. The district

---

[1] Ms. Paul is the Executive Director of MLSA. She has been incorrectly identified in the caption as "CEO."

[2] This Court has declared Grigg a vexatious litigant and restricted his ability to file proceedings in court. *Grigg v. Beaverhead EMS*, 2022 MT 206, ¶ 7, ___ Mont. ___, ___ P.3d ___. The

court's decision is a conclusion of law reviewed for correctness. *City of Cut Bank v. Tom Patrick Const., Inc.*, 1998 MT 219, ¶ 6, 290 Mont. 470, 963 P.2d 470.

¶4     A claim is subject to dismissal under Rule 12(b)(6) for failing to state a claim if it either fails to state a cognizable legal theory for relief or states an otherwise valid legal claim but fails to state sufficient facts that, if true, would entitle the claimant to relief. *Matter of the Estate of Swanberg*, 2020 MT 153, ¶ 6, 400 Mont. 247, 465 P.3d 1165. "The focus of a Rule 12(b)(6) motion to dismiss is whether the complaint is facially sufficient to state a cognizable legal claim entitling the claimant to relief on the facts pled." *Swanberg*, ¶ 6. All well-pleaded factual allegations are taken as true, but legal conclusions or allegations that lack a factual basis are disregarded. *Western Sec. Bank v. Eide Bailly LLP*, 2010 MT 291, ¶ 55, 359 Mont. 34, 249 P. 3d 35.

¶5     MLSA is a private, non-profit law firm that provides non-criminal legal information, advice, and representation to low-income Montanans. In a civil action, a party has no right to counsel. *Norwood v. Stanford Univ.*, 172 F. App'x 153 (9th Cir. 2006). MLSA, like any law firm, is free to pick and choose who it decides to represent. Grigg acknowledges that no attorney-client relationship ever existed between himself and MLSA. MLSA did not agree to undertake an attorney-client relationship with Grigg and was under no duty to provide legal representation.

---

proceedings in District Court underlying Grigg's instant appeal commenced prior to this Court declaring Grigg a vexatious litigant. Accordingly, we will consider Grigg's appeal.

¶6 We likewise conclude that MLSA and Ms. Paul are not state actors as a matter of law and therefore could not have violated Grigg's constitutional rights. *See Manhattan Cmty. Access Corp. v. Halleckk,___U.S.___,139 S. Ct. 1921, 1926, (2019).*

¶7 The District Court's dismissal of Grigg's Petition pursuant to Rule 12(b)(6) was correct as a matter of law.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE